RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
KIM TUNG (SBN 196236)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244

Attorneys for Reorganized Debtor

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | ) Case No. SD06-02040-JH11 |
| | ) |
| LIGHTPOINTE COMMUNICATIONS, INC., a Delaware Corporation, | ) Chapter 11 |
| | ) |
| Reorganized Debtor. | ) **DECLARATION OF KIM TUNG, ESQ.** |
| | ) **RE: NON-OPPOSITION TO** |
| | ) **OBJECTIONS TO CLAIMS OF: (1)** |
| | ) **DEPARTMENT OF THE TREASURY -** |
| | ) **INTERNAL REVENUE SERVICE, AND** |
| | ) **(2) SAN DIEGO COUNTY TREASURER-** |
| | ) **TAX COLLECTOR** |
| | ) |
| | ) [NO HEARING REQUIRED] |
| | ) |
| | ) |

I, Kim Tung, Esq., hereby declare as follows:

1.      I have personal knowledge of the facts set forth below, and, if called to testify, would and could competently testify thereto.

2.      I am an associate with Levene, Neale, Bender, Rankin & Brill L.L.P. ("LNBRB"), counsel to Lightpointe Communications, Inc., the reorganized debtor (the "Debtor") in the above-captioned chapter 11 bankruptcy case.

1

DECLARATION OF KIM TUNG, ESQ. RE: NON-OPPOSITION TO OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR

USBC Case No. SD06-02040-JH11

ORIGINAL

3.    On or about November 8, 2007, LNBRB caused the "NOTICE OF OBJECTIONS AND OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF CATHAL OSCOLAI AND LORIAN SANDERS IN SUPPORT THEREOF" (the "Claim Objections") to be filed and served, which objected to the following proofs of claims:

a.    Claim No. 29 filed by the Department of the Treasury – Internal Revenue Service ("IRS"); and

b.    Claim No. 33 filed by the San Diego County Treasurer-Tax Collector ("Tax Collector").

I respectfully request this Court to take judicial notice of the true and correct copy of the Claim Objections annexed hereto as Exhibit "A".

4.    The last day for any claimant to serve an opposition to the Claim Objections was December 11, 2007.  As of the date of this declaration, no opposition to the Debtor's Claim Objections has been received by this office.  On December 14, 2007, I researched the Court's docket via PACER to determine whether any opposition was filed in response to the Claim Objections.  Based on my research, I determined that no opposition to the Debtor's Claim Objections was filed with this Court.

///

///

DECLARATION OF KIM TUNG, ESQ. RE: NON-OPPOSITION TO OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR

USBC Case No. SD06-02040-JH11

5.      Based upon the foregoing, I respectfully request that the Court sustain the Claim Objections to Claim Nos. 29 and 33 and disallow Claim Nos. 29 and 33 in their entirety.

I declare under penalty of perjury pursuant to the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of December, 2007 at Los Angeles, California

By:_____
Kim Tung, Esq.
Levene, Neale, Bender,
Rankin & Brill L.L.P.
Attorneys for Reorganized Debtor

DECLARATION OF KIM TUNG, ESQ. RE: NON-OPPOSITION TO OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR
USBC Case No. SD06-02040-JH11

**E-FILED**

Attorney or Party Name, Address and Telephone Number

RON BENDER (SBN 143364)
JACQUELINE L. RODRIGUEZ (SBN 198838)
KIM TUNG (SBN 196236)
LEVENE, NEALE, BENDER, RANKIN & BRILL L.L.P.
10250 Constellation Boulevard, Suite 1700
Los Angeles, California 90067
Telephone: (310) 229-1234
Facsimile: (310) 229-1244
Attorneys for the Reorganized Debtor

### UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
325 West "F" Street, San Diego, California 92101-6991

In re:

LIGHTPOINTE COMMUNICATIONS, INC.,
a Delaware corporation,

Reorganized Debtor.

BANKRUPTCY NO. SD06-02040-JH11

**NOTICE OF OBJECTIONS AND OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF CATHAL OSCOLAI AND LORIAN SANDERS IN SUPPORT THEREOF**

[No hearing required unless requested – Local Rules 2015 and 3007-2(a)]

**TO THE HONORABLE JUDGE JOHN J. HARGROVE AND ALL PARTIES IN INTEREST AND THEIR COUNSEL:**

LIGHTPOINTE COMMUNICATIONS, INC., the reorganized debtor in the above-entitled case (the "Debtor") hereby objects to the allowance of the following claims:

1.    Claim No. 29 ("IRS Claim No. 29" or "Claim No. 29") filed by the Department of the Treasury – Internal Revenue service ("IRS") asserting a priority unsecured claim in the amount of $114,171.92 on the grounds that it:

    [    ]    Duplicates Claim No. \_\_\_.

    [    ]    The claim was filed after the expiration of the last date to file claims.

    [ X ]    Does not include an itemized statement of the account.

    [    ]    Does not include a copy of the underlying judgment.

    [    ]    Does not include a copy of the security agreement and evidence of perfection.

    [    ]    Does not include a copy of the writing upon which it is based.

    [    ]    Fails to assert grounds for priority.

    [    ]    Appears to include interest or charges accrued after the filing of this case on _____.

    [ X ]    Other: Form 941 for 2006 and Form 940 for 2006 filed by the Debtor show that no taxes are owed to the IRS under IRS Claim No. 29.

**EXHIBIT A**

2.   Claim No. 33 ("Tax Collector Claim No. 33" or "Claim No. 33") filed by the San Diego County Treasurer-Tax Collector ("Tax Collector") asserting a priority unsecured claim in the amount of $70,215.09 on the grounds that it:

[   ]   Duplicates Claim No. ___.

[   ]   The claim was filed after the expiration of the last date to file claims.

[ X ]   Does not include an itemized statement of the account.

[   ]   Does not include a copy of the underlying judgment.

[   ]   Does not include a copy of the security agreement and evidence of perfection.

[   ]   Does not include a copy of the writing upon which it is based.

[   ]   Fails to assert grounds for priority.

[   ]   Appears to include interest or charges accrued after the filing of this case on _____.

[ X ]   Other: the amount of the claim is incorrect because most of the taxes have been paid by the Debtor and the amount of tax for the 2006 period calculated by the Tax Collector is based upon an incorrect valuation of taxable personal property.

**WHEREFORE**, the Debtor requests the entry of an order:

(i)     sustaining the Debtor's objections to IRS Claim No. 29 and disallowing IRS Claim No. 29 in its entirety;

(ii)    sustaining the Debtor's objections to Tax Collector Claim No. 33, and disallowing Tax Collector Claim No. 33 in its entirety, or in the alternative, allowing Tax Collector Claim No. 33 as an unsecured priority claim in the amount of $771.84 and disallowing all other amounts asserted; and

(iii)   granting such other relief the Court deems to be just and proper under the circumstances.

**IF YOU OBJECT TO THE PROPOSED ACTION:**

1.  **YOU ARE REQUIRED** to obtain a hearing date and time from the appropriate Courtroom Deputy for the judge assigned to your bankruptcy case. If a Chapter 7, 11, or 12 case, determine which deputy to call by looking at the Bankruptcy Case No. in the above caption of this notice. If the case number is followed by the letter:

| - | M | - | call | (619) 557-6019 - | DEPARTMENT ONE (Room 218) |
| - | A | - | call | (619) 557-6594 - | DEPARTMENT TWO (Room 118) |
| - | H | - | call | (619) 557-6018 - | DEPARTMENT THREE (Room 129) |
| - | B | - | call | (619) 557-5157 - | DEPARTMENT FOUR (Room 328) |
| For ALL Chapter 13 cases, | | | call | (619) 557-5955. | |

2

2. **WITHIN THIRTY (30)[1] DAYS FROM THE DATE OF SERVICE OF THIS MOTION**, you are further required to serve a copy of your DECLARATION IN OPPOSITION TO MOTION and separate REQUEST AND NOTICE OF HEARING [Local Form CSD 1184[2]] upon the undersigned moving party, together with any opposing papers. The opposing declaration shall be signed and verified in the manner prescribed by Federal Rule of Bankruptcy Procedure 9011, and the declaration shall:

    a.  identify the interest of the opposing party; and

    b.  state, with particularity, the grounds for the opposition.

3. **YOU MUST** file the original and one copy of the Declaration and Request and Notice of Hearing with proof of service with the Clerk of the U.S. Bankruptcy Court at 325 West "F" Street, San Diego, California 92101-6991, no later than the next business day following the date of service.

**IF YOU FAIL TO SERVE YOUR "DECLARATION IN OPPOSITION TO INTENDED ACTION" AND "REQUEST AND NOTICE OF HEARING" within the 30-day[1] period provided by this notice, NO HEARING SHALL TAKE PLACE, you shall lose your opportunity for hearing, and the debtor or trustee may proceed to take the intended action.**

Dated: November _8_, 2007

LIGHTPOINTE COMMUNICATIONS, INC.,

By: _____
       Ron Bender
       Jacqueline L. Rodriguez
       Kim Tung
       Levene, Neale, Bender, Rankin
         & Brill L.L.P.
       Attorneys for Reorganized Debtor

---

[1]If you were served electronically or by mail, you have three (3) additional days to take the above-stated actions.

[2]You may obtain Local Form CSD 1184 from the Office of the Clerk of the U.S. Bankruptcy Court.

3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    GENERAL BACKGROUND**

1.     LightPointe Communications, Inc., the reorganized debtor in the above-entitled Chapter 11 bankruptcy case (the "Debtor") commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code as amended (the "Bankruptcy Code") on July 31, 2006 (the "Petition Date").  Throughout the pendency of its Chapter 11 case, the Debtor operated its business and managed its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.  By this motion, the Debtor seeks to object to certain claims (the "Objections").

2.     The Debtor is a manufacturing business producing wireless networking equipment.  The primary source of the Debtor's income is the sale of manufactured products.

3.     At a hearing held on February 15, 2007, the Court confirmed the Debtor's *Third Amended Plan of Reorganization* (the "Plan").

4.     Under the Plan, the Debtor's two large pre-petition secured creditors converted their secured debt, along with an infusion of new cash, into 100% of the stock of the reorganized debtor.  Also under the Plan, all holders of allowed general unsecured claims will share pro rata in a cash pot which was part of the new cash contributed by the Debtor's pre-petition secured creditors.

4

**B.    EVALUATION OF CLAIMS**

5.      On or about December 7, 2006, the Court entered an order establishing January 15, 2007, as the last day for creditors and interest holders to file proofs of claim and proofs of interest in the Debtor's case (the "Bar Date Order").

6.      On or about November 27, 2006, the Debtor served the parties in interest listed in the proof of service to that certain *Notice of Bar Date for Filing Proofs of Claim or Interest"* (the "Bar Date Notice") with notice of the Bar Date.  The Bar Date Notice further informed the claimants that "Failure of a creditor or interest holder to file timely a Proof of Claim or Interest on or before the deadline may result in disallowance of the claim or interest or subordination under the terms of a plan of reorganization without further notice or hearing."

7.      The Debtor is engaged in, among other things, evaluating the claims filed against its estate.  The Debtor maintains in the ordinary course of its business books and records (the "Books and Records") that reflect among other things, the amounts that the Debtor owes to its creditors.  The Debtor used the Books and Records in the preparation of its Schedules of Assets and Liabilities and Statements of Financial Affairs and the amendments thereto.

**C.    OBJECTIONS TO CLAIMS**

8.      In connection with analyzing the claims filed in this case, the Debtor obtained copies of all of the proofs of claims filed in this case from the Clerk's Office of the United States Bankruptcy Court for the Southern District of California.

9.      Upon obtaining copies of the proofs of claim and interest, the Debtor analyzed all of the documentation filed by the respective putative creditors in support of the claims. Moreover, the Debtor reviewed the Books and Records and reconciled the claims against the

Books and Records.  Based on the foregoing, the Debtor has determined that the following claims (the "Claims") are objectionable:

a.    Claim No. 29 ("IRS Claim No. 29" or "Claim No. 29") filed by the Department of the Treasury – Internal Revenue Service ("IRS"), and

b.    Claim No. 33 ("Tax Collector Claim No. 33" or "Claim No. 33") filed by San Diego County Treasurer-Tax Collector ("Tax Collector").

**D.    IRS CLAIM NO. 29**

10.    On or about August 29, 2006, the IRS filed a proof of claim asserting a priority unsecured claim in the amount of $114,171.92, which the Clerk of the Court designated as Claim No. 29.  A true and correct copy of IRS Claim No. 29 is annexed as Exhibit "29" to the Declaration of Cathal Oscolai (the "Oscolai Declaration") and the Declaration of Lorian Sanders (the "Sanders Declaration") hereto.

11.    IRS Claim No. 29 consists of the following:

▪   Form B10 (Official Form 10)(10/05); and

▪   A one page document that lists the alleged taxes owed by the Debtor to the IRS.

12.    The Books and Records do not reflect that the IRS has a priority unsecured claim against the Debtor in the amount of $114,171.92.  Instead, the Books and Records reflect that the IRS does not have any tax claims against the Debtor.

13.    The IRS Claim No. 29 is essentially based on the unassessed liability for federal payroll taxes (WT-FICA) ("WT-FICA") for the quarter ending September 30, 2006 in the amount of $113,871.92.  The IRS also asserts a tax liability for federal unemployment taxes (FUTA) ("FUTA") for the year ending December 31, 2006 in the amount $100.

6

14.     The Debtor objects to the amounts assessed against the Debtor under IRS Claim No. 29 because the Debtor's WT-FICA and FUTA tax liability is zero given the Debtor's filed tax returns.

15.     In or about June 2007, the Debtor filed its Form 941 for 2006 ("Form 941") concerning WT-FICA taxes for the quarter ending September 30, 2006.  As set forth in From 941, the balance due to the IRS for WT-FICA taxes is zero.  A true and correct copy of Form 941 that was filed with the IRS is annexed hereto as Exhibit "A" to the Oscolai and Sanders Declarations, and incorporated herein by this reference.

16.     In or about June 2007, the Debtor filed its Form 940 for 2006 ("Form 940") concerning FUTA taxes for the year ending December 31, 2006.  As set forth in From 940, the balance due to the IRS for FUTA taxes is zero.  A true and correct copy of Form 940 that was filed with the IRS is annexed hereto as Exhibit "B" to the Oscolai and Sanders Declarations, and incorporated herein by this reference.  Therefore, the Debtor does not owe any WT-FICA or FUTA taxes to the IRS.

17.     As discussed further below, IRS Claim No. 29 is also objectionable because the IRS has failed to disclose the mathematical formula by which its asserted indebtedness may be readily calculated or ascertained and has failed to provide any evidence besides its one page document listing the alleged taxes owed in support of its claim.  As such, the IRS has failed to provide evidence necessary to establish the prima facie validity of its claim against the Debtor.

18.     Based on the foregoing, the Debtor respectfully requests that the Court sustain the Objections and disallow IRS Claim No. 29 in its entirety.

7

E.    **TAX COLLECTOR CLAIM NO. 33**

19.    On or about September 1, 2006, the Tax Collector filed a proof of claim asserting a priority unsecured claim in the amount of $70,215.09, which the Clerk of the Court designated as Claim No. 33. A true and correct copy of Tax Collector Claim No. 33 is annexed as Exhibit "33" to the Oscolai and Sanders Declarations hereto.

20.    Tax Collector Claim No. 33 consists of the following:

- Form B10 (Official Form 10); and

- Statements demanding payment of alleged taxes owed by the Debtor to the Tax Collector.

21.    The Books and Records do not reflect that the IRS has a priority unsecured claim against the Debtor in the amount of $70,215.09. Instead, the Books and Records reflect that the Tax Collector only has an unsecured claim of $771.84 under Tax Collector Claim No. 33 against the Debtor.

22.    Tax Collector Claim No. 33 is requesting unsecured priority taxes totaling $70,215.09, which consists of the following:

| Escape Year | Tax | Escape Interest | Total Balance |
|---|---|---|---|
| 2002 | $9,646.96 | $3,038.79 | $12,685.75 |
| 2003 | $6,746.68 | $1,518.00 | $8,264.68 |
| 2004 | $10,400.26 | $1,404.03 | $11,804.29 |
| 2005 | $9,122.39 | $410.50 | $9,532.89 |
| 2006 Est. Tax | $27,927.48 | | $27,927.48 |
| | | | |
| **Totals** | **$63,843.77** | **$6,371.32** | **$70,215.09** |

23.    The Debtor objects to Claim No. 33 on the grounds that most of the taxes claimed by the Tax Collector have already been paid. Claim No. 33 seeks payment of taxes for years 2002, 2003, 2004, and 2005. However, the Debtor does not owe these amounts to the

8

Tax Collector since the Debtor has already paid the taxes assessed by the Tax Collector for those years. As such, the Debtor disputes the amounts claimed by the Tax Collector for 2002, 2003, 2004, and 2005.

24.     The Debtor objects to Claim No. 33 on the grounds that the estimated taxes assessed by the Tax Collector for year 2006 are incorrect. The taxes assessed by the Tax Collector are based upon the fair market value of the business personal property of the Debtor for that year. The estimated taxes for 2006 are incorrect because it is not based upon the actual value of the Debtor's business personal property for 2006. According to the Debtor's Books and Records, the total value of the Debtor's business personal property for 2006 is $51,456, and based upon a tax rate of 1 ½ percent, the taxes owed to the Tax Collector for 2006 should be reduced to $771.84.

25.     As discussed below, Tax Collector Claim No. 33 is also objectionable because the Tax Collector has failed to disclose the mathematical formula by which its asserted indebtedness may be readily calculated or ascertained, and the Tax Collector has failed to provide any other evidence besides its demand notices in support of its claim. As such, the Tax Collector has failed to provide evidence necessary to establish the prima facie validity of its claim against the Debtor.

26.     Based on the foregoing and the reasons set forth below, the Debtor respectfully requests that the Court sustain the Debtor's objections and disallow Tax Collector Claim No. 33 in its entirety, or in the alternative, allow Tax Collector Claim No. 33 as an unsecured priority claim in the amount of $771.84 and disallow all other amounts asserted.

## II.

## DISCUSSION

**A.      THE BURDEN OF PROOF**

Under Section 502(a) and Fed. R. Bankr. P. Rule 3001(f), a proof of claim is deemed allowed unless a party in interest objects[3] and constitutes prima facie evidence of the validity and amount of the claim. 11 U.S.C. § 502(a); Fed. R. Bankr. P. Rule 3001(f); see Lundell v. Anchor Const. Specialists, Inc. (In re Lundell), 223 F.3d 1035, 1039 (9th Cir. 2000).  However, prima facie validity is not accorded to any and all proofs of claim filed against a debtor.

In Third Nat'l Bank of Fayetteville v. Circle J Dairy Inc. (In re Circle J. Dairy, Inc.), 112 B.R. 297 (W.D. Ark. 1989), the Court held that:

> A claim, to be legally sufficient and, therefore, to be prima facie valid, under the Bankruptcy Rules, must:
>
> 1)      be in writing
> 2)      make a demand on the debtor's estate
> 3)      express the intent to hold the debtor liable for the debt
> 4)      be properly filed;[4] and
> 5)      be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim.
>
> Under the fifth requirement, the allegations of the proof of claim must set forth all the necessary facts to establish a claim and must not be self-contradictory. The prima facie validity of the claim does not attach unless the claim is in compliance with the [Federal Rules of Bankruptcy Procedure], including Rule 3001, and set[s] forth the facts necessary to support the claim.   These requirements for legal sufficiency are consistent with the idea that the proof of claim itself is to be scrutinized with an eye to credibility.

Id. at 299-300 (internal quotes and citations omitted).

---

[3] Under Section 1109(b), the Debtor is a party in interest with standing to object to claims.

[4] A proof of claim will only be considered properly filed if it: (1) "conform[s] substantially to the appropriate Official Form," (2) is accompanied by any supporting documents, and (3) is timely filed. Fed. R. Bankr. P. Rules 3001(a) and (c) and 3003(c)(3); Official Form 10.

Federal Bankruptcy Rule 3001 requires that, where a claim is based on a writing, the subject writing must be attached to the proof of claim to be accorded a prima facie validity under Rule 3001(f).  F.R.B.P. Rule 3001(c); In re G.I. Industries, Inc., 204 F.3d 1276, 1280 (9th Cir. 2000)(contract required to be attached to proof of claim); In re Consolidated Pioneer Mortg.,178 B.R. 222 (9th Cir. BAP 1995) (claim is not entitled to be considered as prima facie evidence of the claim's validity absent compliance with 3001(c)).  Moreover, a proof of claim must "set forth all the necessary facts to establish a claim" and cannot be self-contradictory to be accorded prima facie validity.  In re Holm, 931 F.2d 620, 623 (9th Cir. 1991).

In addition, a proof of claim must disclose any agreement or mathematical formula by which a creditor's asserted indebtedness may be readily calculated or ascertained.  In re Lindell Drop Forge Co., 111 B.R. 137, 142 (Bankr.W.D.Mich. 1990).

A claim is subject to disallowance on the sole ground that it does not comply with the requirements essential to establish the prima facie validity. See, e.g., In re A.H. Robins Co., Inc., 862 F.2d 1092 (4th Cir. 1988)(claims disallowed because claimants failed to complete questionnaires, which were essential to establishing prima facie validity of claims).

Accordingly, "[t]he ultimate burden of persuasion is on the claimant."  Ankeny v. Meyer (In re Ankeny), 184 B.R. 64, 69 (9th Cir. BAP 1995)(citing Wright v. Holm (In re Holm), 931 F.2d 620, 623 (9th Cir. 1991).

B.     **COURT AUTHORITY**

Bankruptcy Code Section 505(a) authorizes the Court to "determine the amount or legality of any tax" as long as that tax has not been "contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement" of the bankruptcy case.  Here, the Debtor did not contest its alleged tax liabilities to the IRS or the

11

Tax Collector before a judicial or administrative tribunal prior to the Petition Date.  Therefore, this Court has authority to determine the amount of the Debtor's tax liability, even if the Debtor did not timely contest the tax in accordance with state law procedures.  In re Litestream Technologies, LLC, 337 B.R. 705, 709 (Bankr.M.D.Fla. 2006); In re Cable & Wireless USA, Inc., 331 B.R. 568 (Bankr.D.Del. 2005).  Included in that authority is determining the underlying business' value used to calculate a tax liability.  Litestream Technologies, LLC, 337 B.R. at 709.

## C.    IRS CLAIM NO. 29 SHOULD BE DISALLOWED IN ITS ENTIRETY

As discussed above, the Debtor objects to IRS Claim No. 29 on the basis that the Books and Records do not reflect that the IRS has a priority unsecured claim in the amount of $114,171.92.  The Books and Records instead reflect that the IRS does not have any tax claims against the Debtor.

The Debtor also objects to Claim No. 29 because the Debtor's WT-FICA and FUTA tax liability is zero based upon the Debtor's filed tax returns.  IRS Claim No. 29 is essentially based on the unassessed liability for federal payroll taxes, WT-FICA, for the quarter ending September 30, 2006 in the amount of $113,871.92.  The IRS also asserts a tax liability for federal unemployment taxes, FUTA, for the year ending December 31, 2006 in the amount $100.

In or about June 2007, the Debtor filed its Form 941 for 2006 concerning WT-FICA taxes for the quarter ending September 30, 2006.  As set forth in From 941, the balance due to the IRS for WT-FICA taxes is zero.  A true and correct copy of Form 941 that was filed with the IRS is annexed hereto as Exhibit "A" to the Oscolai and Sanders Declarations, and incorporated herein by this reference.

12

1

2
In or about June 2007, the Debtor filed its Form 940 for 2006 concerning FUTA taxes

3
for the year ending December 31, 2006. As set forth in From 940, the balance due to the IRS

4
for FUTA taxes is zero. A true and correct copy of Form 940 that was filed with the IRS is

5
annexed hereto as Exhibit "B" to the Oscolai and Sanders Declarations, and incorporated

6
herein by this reference. Therefore, given Form 941 for 2006 and Form 940 for 2006, the

7
Debtor does not owe any WT-FICA or FUTA taxes to the IRS.

8

9
IRS Claim No. 29 is further objectionable because the IRS has failed to provide

10
evidence to establish a prima facie claim against the Debtor. In order establish a prima facie

11
claim, among other requirements, the IRS must disclose any agreement and/or mathematical

12
formula by which the asserted indebtedness of IRS Claim No. 29 may be readily calculated or

13
ascertained. In re Lindell Drop Forge Co., 111 B.R. 137, 142 (Bankr.W.D.Mich. 1990). The

14
IRS has failed to disclose the mathematical formula by which its asserted indebtedness may be

15
readily calculated or ascertained, and additionally, the IRS has failed to provide any evidence

16
besides its one page document listing the alleged taxes owed to support its claim. There is

17
simply no evidence to support Claim No. 29. As such, IRS Claim No. 29 is subject to

18
disallowance on the sole ground that it does not comply with the requirements essential to

19
establish the prima facie validity of its claim. See, e.g., In re A.H. Robins Co., Inc., 862 F.2d

20
1092 (4th Cir. 1988). The ultimate burden is on the IRS, and it has failed to carry that burden.

21

22
Based on the foregoing, the Debtor respectfully requests that the Court sustain its

23
objections to IRS Claim No. 29 and disallow IRS Claim No. 29 in its entirety.

24

25

26

27

28

**E.**    **TAX COLLECTOR CLAIM NO. 33 SHOULD BE DISALLOWED IN ITS ENTIRETY, OR IN THE ALTERNATIVE, SIGNIFICANTLY REDUCED**

The Debtor objects to Tax Collector Claim No. 33 because the Books and Records do not reflect that the IRS has a tax claim against the Debtor in the amount of $70,215.09. Instead, the Books and Records reflect that the Tax Collector only has a tax claim of $771.84 against the Debtor.

Tax Collector Claim No. 33 is seeking unsecured priority taxes totaling $70,215.09, which consists as follows:

| Escape Year | Tax | Escape Interest | Total Balance |
|---|---|---|---|
| 2002 | $9,646.96 | $3,038.79 | $12,685.75 |
| 2003 | $6,746.68 | $1,518.00 | $8,264.68 |
| 2004 | $10,400.26 | $1,404.03 | $11,804.29 |
| 2005 | $9,122.39 | $410.50 | $9,532.89 |
| 2006 Est. Tax | $27,927.48 | | $27,927.48 |
| | | | |
| **Totals** | **$63,843.77** | **$6,371.32** | **$70,215.09** |

The Debtor objects to Claim No. 33 on the grounds that the alleged amount of taxes owed to the Tax Collector are incorrect. First, most of the taxes claimed by the Tax Collector have already been paid. Claim No. 33 seeks payment of taxes for years 2002, 2003, 2004, and 2005. However, the Debtor does not owe these amounts to the Tax Collector because the Debtor has already paid the taxes to for those years. As such, the Debtor disputes the entirety of the amounts claimed by the Tax Collector for 2002, 2003, 2004, and 2005.

Second, the estimated taxes assessed by the Tax Collector for year 2006 are incorrect. The taxes assessed by the Tax Collector under its claim are based upon the fair market value of the business personal property of the Debtor for that year. The estimated taxes for 2006 are incorrect because it is not based upon the actual value of the Debtor's business personal

14

property for 2006.   According to the Debtor's Books and Record, the total value of the Debtor's business personal property for 2006 is $51,456, and therefore, based upon a tax rate of 1 ½ percent of the Debtor's business personal property for 2006, the taxes owed by the Debtor to the Tax Collector for 2006 should be reduced to $771.84.

Tax Collector Claim No. 33 is further objectionable because the Tax Collector has failed to provide evidence to establish a prima facie claim against the Debtor.   In order establish a prima facie claim, among other requirements, the Tax Collector must disclose any agreement and/or mathematical formula by which the asserted indebtedness of Tax Collector Claim No. 33 may be readily calculated or ascertained.  In re Lindell Drop Forge Co., 111 B.R. 137, 142 (Bankr.W.D.Mich. 1990).  The Tax Collector has failed to disclose the mathematical formula by which its asserted indebtedness may be readily calculated or ascertained, and additionally, the Tax Collector has failed to provide any evidence besides its demands for taxes owed to support its claim.  There is simply no evidence to support Claim No. 33.  As such, Tax Collector Claim No. 33 is subject to disallowance on the sole ground that it does not comply with the requirements essential to establish the prima facie validity of its claim. See, e.g., In re A.H. Robins Co., Inc., 862 F.2d 1092 (4th Cir. 1988).  The ultimate burden is on the Tax Collector, and it has failed to carry that burden.

Based on the foregoing, the Debtor respectfully requests that the Court sustain the Debtor's objections and disallow Tax Collector Claim No. 33 in its entirety, or in the alternative, allow Tax Collector Claim No. 33 as an unsecured priority claim in the amount of $771.84 and disallow all other amounts asserted.

15

### III.

### RESERVATION OF RIGHTS

The Debtor expressly reserves the right to amend, modify or supplement the Objections. Should the grounds for the Objections be deemed insufficient, the Debtor reserves its right to object on any other grounds that the Debtor discovers during the time that its case is pending.

### IV.

### CONCLUSION

For the reasons set forth above, the Debtor respectfully requests that the Court enter an order:

(i)     sustaining the Debtor's objections to IRS Claim No. 29 and disallowing IRS Claim No. 29 in its entirety;

(ii)    sustaining the Debtor's objections to the Tax Collector Claim No. 33, and disallowing Tax Collector Claim No. 33 in its entirety, or in the alternative, allowing Tax Collector Claim No. 33 as a unsecured priority claim in the amount of $771.84 and disallowing all other amounts asserted; and

(iii)   granting any other relief the Court deems to be just and proper under the circumstances.

Dated: November 8, 2007             LIGHTPOINTE COMMUNICATIONS, INC.


By: _____
      Ron Bender
      Jacqueline L. Rodriguez
      Kim Tung
      Levene, Neale, Bender, Rankin
        & Brill L.L.P.
      Attorneys for Chapter 11 Reorganized
      Debtor

16

1

2

3

### DECLARATION OF CATHAL OSCOLAI

I, Cathal Oscolai, do hereby declare as follows:

1.      I am the general manager of LightPointe Communications, Inc., the reorganized debtor in the above-entitled Chapter 11 bankruptcy case.  I have been employed by the Debtor since 2000.

2.      I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently with respect thereto.

3.      I make this declaration in support of the annexed NOTICE OF OBJECTIONS AND OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES (the "Objections").  I have reviewed the Objections in its entirety.

4.      Unless otherwise stated, all capitalized terms herein shall have the same defined meaning as set forth in the annexed Objections.

5.      LightPointe Communications, Inc., the reorganized debtor in the above-entitled Chapter 11 bankruptcy case (the "Debtor") commenced its bankruptcy case by filing a voluntary petition under Chapter 11 of Title 11 of the United States Code as amended (the "Bankruptcy Code") on July 31, 2006 (the "Petition Date").  Throughout the pendency of its Chapter 11 case, the Debtor operated its business and managed its financial affairs as a debtor in possession pursuant to 11 U.S.C. §§ 1107 and 1108.  By this motion, the Debtor seeks to object to certain claims (the "Objections").

6.      The Debtor is a manufacturing business producing wireless networking equipment.  The primary source of the Debtor's income is the sale of manufactured products.

17

7.      At a hearing held on February 15, 2007, the Court confirmed the Debtor's *Third Amended Plan of Reorganization* (the "Plan").

8.      Under the Plan, the Debtor's two large pre-petition secured creditors converted their secured debt, along with an infusion of new cash, into 100% of the stock of the reorganized debtor. Also under the Plan, all holders of allowed general unsecured claims will share pro rata in a cash pot which was part of the new cash contributed by the Debtor's pre-petition secured creditors.

9.      On or about December 7, 2006, the Court entered an order establishing January 15, 2007, as the last day for creditors and interest holders to file proofs of claim and proofs of interest in the Debtor's case (the "Bar Date Order").

10.     On or about November 27, 2006, the Debtor served the parties in interest listed in the proof of service to that certain *Notice of Bar Date for Filing Proofs of Claim or Interest"* (the "Bar Date Notice") with notice of the Bar Date.

11.     My staff and I are engaged in, among other things, evaluating the claims filed against its estate. The Debtor maintains in the ordinary course of its business books and records (the "Books and Records") that reflect among other things, the amounts that the Debtor owes to its creditors. The Debtor used the Books and Records in the preparation of its Schedules of Assets and Liabilities and Statements of Financial Affairs and the amendments thereto. I have researched the Books and Records of the Debtor.

12.     In connection with analyzing the claims filed in this case, my staff and I obtained copies of all of the proofs of claims filed in this case from the Clerk's Office of the United States Bankruptcy Court for the Southern District of California.

13.    Upon obtaining copies of the proofs of claim and interest, my staff and I analyzed all of the documentation filed by the respective putative creditors in support of the claims.  Moreover, my staff and I reviewed the Books and Records and reconciled the claims against the Books and Records.  Based on the foregoing, my staff and I have determined that the following claims (the "Claims") are objectionable:

a.    Claim No. 29 ("IRS Claim No. 29" or "Claim No. 29") filed by the Department of the Treasury – Internal Revenue Service ("IRS"), and

b.    Claim No. 33 ("Tax Collector Claim No. 33" or "Claim No. 33") filed by San Diego County Treasurer-Tax Collector ("Tax Collector").

**IRS CLAIM NO. 29**

14.    On or about August 29, 2006, the IRS filed a proof of claim asserting a priority unsecured claim in the amount of $114,171.92, which the Clerk of the Court designated as Claim No. 29.  A true and correct copy of IRS Claim No. 29 is annexed as Exhibit "29" hereto.

15.    IRS Claim No. 29 consists of the following:

- Form B10 (Official Form 10)(10/05); and

- A one page document that lists the alleged taxes owed by the Debtor to the IRS.

16.    The Books and Records reflect that the IRS does not have any tax claims against the Debtor.

17.    The IRS Claim No. 29 is essentially based on the unassessed liability for federal payroll taxes (WT-FICA) ("WT-FICA") for the quarter ending September 30, 2006 in the amount of $113,871.92.  The IRS also asserts a tax liability for federal unemployment taxes (FUTA) ("FUTA") for the year ending December 31, 2006 in the amount $100.

19

18.    The Debtor objects to the amounts assessed against the Debtor under IRS Claim No. 29 because the Debtor's WT-FICA and FUTA tax liability is zero given the Debtor's filed tax returns.

19.    In or about June 2007, the Debtor filed its Form 941 for 2006 ("Form 941") concerning WT-FICA taxes for the quarter ending September 30, 2006. As set forth in From 941, the balance due to the IRS for WT-FICA taxes is zero. A true and correct copy of Form 941 that was filed with the IRS is annexed hereto as Exhibit "A", and incorporated herein by this reference.

20.    In or about June 2007, the Debtor filed its Form 940 for 2006 ("Form 940") concerning FUTA taxes for the year ending December 31, 2006. As set forth in From 940, the balance due to the IRS for FUTA taxes is zero. A true and correct copy of Form 940 that was filed with the IRS is annexed hereto as Exhibit "B", and incorporated herein by this reference. Therefore, I believe that the Debtor does not owe any WT-FICA or FUTA taxes to the IRS.

21.    Based on the foregoing and the reasons set forth in the annexed Objections, the Debtor respectfully request that the Court sustain the Objections and disallow IRS Claim No. 29 in its entirety.

**TAX COLLECTOR CLAIM NO. 33**

22.    On or about September 1, 2006, the Tax Collector filed a proof of claim asserting a priority unsecured claim in the amount of $70,215.09, which the Clerk of the Court designated as Claim No. 33. A true and correct copy of Tax Collector Claim No. 33 is annexed as Exhibit "33" hereto.

23.    Tax Collector Claim No. 33 consists of the following:

- Form B10 (Official Form 10); and

20

■ Statements demanding payment of alleged taxes owed by the Debtor to the Tax Collector.

24.    The Books and Records reflect that the Tax Collector only has a claim of $771.84 under Tax Collector Claim No. 33 against the Debtor.

25.    Tax Collector Claim No. 33 is requesting unsecured priority taxes totaling $70,215.09, which consists of the following:

| Escape Year | Tax | Escape Interest | Total Balance |
|---|---|---|---|
| 2002 | $9,646.96 | $3,038.79 | $12,685.75 |
| 2003 | $6,746.68 | $1,518.00 | $8,264.68 |
| 2004 | $10,400.26 | $1,404.03 | $11,804.29 |
| 2005 | $9,122.39 | $410.50 | $9,532.89 |
| 2006 Est. Tax | $27,927.48 | | $27,927.48 |
| | | | |
| **Totals** | **$63,843.77** | **$6,371.32** | **$70,215.09** |

26.    The Debtor objects to Claim No. 33 on the grounds that most of the taxes claimed by the Tax Collector have already been paid. Claim No. 33 seeks payment of taxes for years 2002, 2003, 2004, and 2005. However, I am informed and believe that the Debtor does not owe these amounts to the Tax Collector since the Debtor has already paid the taxes assessed by the Tax Collector for those years. As such, the Debtor disputes the amounts claimed by the Tax Collector for 2002, 2003, 2004, and 2005.

27.    The Debtor objects to Claim No. 33 on the grounds that the estimated taxes assessed by the Tax Collector for year 2006 are incorrect. I am informed and believe that the taxes assessed by the Tax Collector are based upon the fair market value of the business personal property of the Debtor for that year. I am informed and believe that the estimated taxes for 2006 are incorrect because it is not based upon the actual value of the Debtor's business personal property for 2006. According to the Debtor's Books and Records, the total

value of the Debtor's business personal property for 2006 is $51,456, and I am informed and believe that based upon a tax rate of 1 ½ percent, the taxes owed to the Tax Collector for 2006 should be reduced to $771.84.

28.    Based on the foregoing and the reasons set forth in the annexed Objections, the Debtor respectfully requests that the Court sustain the Debtor's objections and disallow Tax Collector Claim No. 33 in its entirety, or in the alternative, allow Tax Collector Claim No. 33 as an unsecured priority claim in the amount of $771.84 and disallow all other amounts asserted.

29.    I am informed and believe that the Debtor did not contest its alleged tax liabilities to the IRS or the Tax Collector before a judicial or administrative tribunal prior to the Petition Date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this 7th day of November 2007, at San Diego, California.

_____
CATHAL OSCOLAI

22

## DECLARATION OF LORIAN SANDERS

I, Lorian Sanders, do hereby declare as follows:

1.      I am the Controller of LightPointe Communications, Inc., the reorganized debtor in the above-entitled Chapter 11 bankruptcy case.

2.      I have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently with respect thereto.

3.      I make this declaration in support of the annexed NOTICE OF OBJECTIONS AND OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES (the "Objections"). I have reviewed the Objections in its entirety.

4.      Unless otherwise stated, all capitalized terms herein shall have the same defined meaning as set forth in the annexed Objections.

5.      In connection with analyzing the claims filed in this case, I obtained copies of the proofs of claims filed by the IRS and the Tax Collector in this case from the Clerk's Office of the United States Bankruptcy Court for the Southern District of California. Among other things, I have analyzed Claim No. 29 filed by the IRS, Claim No. 33 filed by the Tax Collector, and the documents attached to those claims. I have also reviewed the Books and Records and reconciled Claim No. 29 and Claim No. 33 against the Books and Records.

6.      Based on the foregoing, I have determined that the following claims (the "Claims") are objectionable:

a.      Claim No. 29 ("IRS Claim No. 29" or "Claim No. 29") filed by the Department of the Treasury – Internal Revenue Service ("IRS"), and

23

b.        Claim No. 33 ("Tax Collector Claim No. 33" or "Claim No. 33") filed by San Diego County Treasurer-Tax Collector ("Tax Collector").

**IRS CLAIM NO. 29**

7.        On or about August 29, 2006, the IRS filed a proof of claim asserting a priority unsecured claim in the amount of $114,171.92, which the Clerk of the Court designated as Claim No. 29. A true and correct copy of IRS Claim No. 29 is annexed as Exhibit "29" hereto.

8.        IRS Claim No. 29 consists of the following:

▪ Form B10 (Official Form 10)(10/05); and

▪ A one page document that lists the alleged taxes owed by the Debtor to the IRS.

9.        The Books and Records reflect that the IRS does not have any tax claims against the Debtor.

10.        The IRS Claim No. 29 is essentially based on the unassessed liability for federal payroll taxes (WT-FICA) ("WT-FICA") for the quarter ending September 30, 2006 in the amount of $113,871.92. The IRS also asserts a tax liability for federal unemployment taxes (FUTA) ("FUTA") for the year ending December 31, 2006 in the amount $100.

11.        I believe an objection should be made to the amounts assessed against the Debtor under IRS Claim No. 29 because the Debtor's WT-FICA and FUTA tax liability is zero given the Debtor's filed tax returns.

12.        In or about June 2007, the Debtor filed its Form 941 for 2006 ("Form 941") concerning WT-FICA taxes for the quarter ending September 30, 2006. As set forth in From 941, the balance due to the IRS for WT-FICA taxes is zero. A true and correct copy of Form 941 that I caused to be filed with the IRS is annexed hereto as Exhibit "A", and incorporated herein by this reference.

24

13. In or about June 2007, the Debtor filed its Form 940 for 2006 ("Form 940") concerning FUTA taxes for the year ending December 31, 2006. As set forth in From 940, the balance due to the IRS for FUTA taxes is zero. A true and correct copy of Form 940 that I caused to be filed with the IRS is annexed hereto as Exhibit "B", and incorporated herein by this reference. Therefore, I believe that the Debtor does not owe any WT-FICA or FUTA taxes to the IRS.

14. Based on the foregoing and the reasons set forth in the annexed Objections, I believe that the Court should sustain the Objections and disallow IRS Claim No. 29 in its entirety.

**TAX COLLECTOR CLAIM NO. 33**

15. On or about September 1, 2006, the Tax Collector filed a proof of claim asserting a priority unsecured claim in the amount of $70,215.09, which the Clerk of the Court designated as Claim No. 33. A true and correct copy of Tax Collector Claim No. 33 is annexed as Exhibit "33" hereto.

16. Tax Collector Claim No. 33 consists of the following:

- Form B10 (Official Form 10); and
- Statements demanding payment of alleged taxes owed by the Debtor to the Tax Collector.

17. The Books and Records reflect that the Tax Collector only has a claim of $771.84 under Tax Collector Claim No. 33 against the Debtor.

18. Tax Collector Claim No. 33 is requesting unsecured priority taxes totaling $70,215.09, which consists of the following:

| Escape Year | Tax | Escape Interest | Total Balance |
|---|---|---|---|
| 2002 | $9,646.96 | $3,038.79 | $12,685.75 |
| 2003 | $6,746.68 | $1,518.00 | $8,264.68 |
| 2004 | $10,400.26 | $1,404.03 | $11,804.29 |
| 2005 | $9,122.39 | $410.50 | $9,532.89 |
| 2006 Est. Tax | $27,927.48 | | $27,927.48 |
| | | | |
| **Totals** | **$63,843.77** | **$6,371.32** | **$70,215.09** |

19.    I believe that an objection to Claim No. 33 should be made on the grounds that most of the taxes claimed by the Tax Collector have already been paid.  Claim No. 33 seeks payment of taxes for years 2002, 2003, 2004, and 2005.  However, the Debtor does not owe these amounts to the Tax Collector since the Debtor has already paid the taxes assessed by the Tax Collector for those years.  As such, the Debtor disputes the amounts claimed by the Tax Collector for 2002, 2003, 2004, and 2005.

20.    I believe that an objection to Claim No. 33 should be made on the grounds that the estimated taxes assessed by the Tax Collector for year 2006 are incorrect.  I am informed and believe that the taxes assessed by the Tax Collector are based upon the fair market value of the business personal property of the Debtor for that year.  I believe that the estimated taxes for 2006 are incorrect because it is not based upon the actual value of the Debtor's business personal property for 2006.  According to the Debtor's Books and Records, the total value of the Debtor's business personal property for 2006 is $51,456, and I believe that based upon a tax rate of 1 ½ percent, the taxes owed to the Tax Collector for 2006 should be reduced to $771.84.

21.    Based on the foregoing and the reasons set forth in the annexed Objections, I believe that the Court should sustain the Debtor's objections and disallow Tax Collector Claim No. 33 in its entirety, or in the alternative, allow Tax Collector Claim No. 33 as an unsecured priority claim in the amount of $771.84 and disallow all other amounts asserted.

26

22.    The Debtor did not contest its alleged tax liabilities to the IRS or the Tax Collector before a judicial or administrative tribunal prior to the Petition Date.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on this _7_th day of November 2007, at San Diego, California.

_____
LORIAN SANDERS

27

Form **941 for 2006:** **Employer's QUARTERLY Federal Tax Return**
(Rev. January 2006)   Department of the Treasury — Internal Revenue Service

990106

OMB No. 1545-0029

**(EIN)**
Employer Identification number   8 4 – 1 4 8 6 1 4 5

Name (not your trade name)

Trade name (if any)   Lightpointe Communications Inc.

Address   10140 Barnes Canyon Rd
Number    Street                          Suite or room number
San Diego          Ca    92121
City               State   ZIP code

**Report for this Quarter ...**
(Check one.)

☐ 1: January, February, March
☐ 2: April, May, June
☒ 3: July, August, September
☐ 4: October, November, December

Read the separate instructions before you fill out this form. Please type or print within the boxes.

**Part 1: Answer these questions for this quarter.**

1  Number of employees who received wages, tips, or other compensation for the pay period
including: *Mar. 12 (Quarter 1), June 12 (Quarter 2), Sept. 12 (Quarter 3), Dec. 12 (Quarter 4)*   **1**   0

2  Wages, tips, and other compensation . . . . . . . . .   **2**   . 0

3  Total income tax withheld from wages, tips, and other compensation . . . . . . .   **3**   . 0

4  If no wages, tips, and other compensation are subject to social security or Medicare tax . .   ☑ Check and go to line 6.

5  Taxable social security and Medicare wages and tips:

| | Column 1 | | Column 2 |
|---|---|---|---|
| 5a Taxable social security wages | . | × .124 = | . |
| 5b Taxable social security tips | . | × .124 = | . |
| 5c Taxable Medicare wages & tips | . | × .029 = | . |

5d  Total social security and Medicare taxes (*Column 2, lines 5a + 5b + 5c = line 5d*) . .   **5d**   .

6  Total taxes before adjustments (lines 3 + 5d = line 6) . . . . . . . . .   **6**   . 0

7  TAX ADJUSTMENTS (Read the instructions for line 7 before completing lines 7a through 7h.):

7a  Current quarter's fractions of cents . . . . . . .   .

7b  Current quarter's sick pay . . . . . . . . .   .

7c  Current quarter's adjustments for tips and group-term life insurance   .

7d  Current year's income tax withholding (attach Form 941c) . .   .

7e  Prior quarters' social security and Medicare taxes (attach Form 941c)   .

7f  Special additions to federal income tax (attach Form 941c) . .   .

7g  Special additions to social security and Medicare (attach Form 941c)   .

7h  TOTAL ADJUSTMENTS (Combine all amounts: lines 7a through 7g.) . . . . . . .   **7h**   .

8  Total taxes after adjustments (Combine lines 6 and 7h.) . . . . . . .   **8**   . 0

9  Advance earned income credit (EIC) payments made to employees . . . . . . .   **9**   .

10  Total taxes after adjustment for advance EIC (line 8 – line 9 = line 10) . . . . . .   **10**   . 0

11  Total deposits for this quarter, including overpayment applied from a prior quarter . . .   **11**   . 0

12  Balance due (If line 10 is more than line 11, write the difference here.) . . . . . .   **12**   . 0
Make checks payable to *United States Treasury.*

13  Overpayment (If line 11 is more than line 10, write the difference here.)   .   Check one ☐ Apply to next return.
                                                                              ☐ Send a refund.

▶  You MUST fill out both pages of this form and SIGN it.   **Next ➡**

For Privacy Act and Paperwork Reduction Act Notice, see the back of the Payment Voucher.   Cat. No. 17001Z   Form **941** (Rev. 1-2006)

EXHIBIT A

990206

**Name** *(not your trade name)* Lightpointe Communications Inc.    **Employer identification number (EIN)** 84-1486145

## Part 2: Tell us about your deposit schedule and tax liability for this quarter.

If you are unsure about whether you are a monthly schedule depositor or a semiweekly schedule depositor, see *Pub. 15 (Circular E)*, section 11.

14 ☐ ☐ ☐  Write the state abbreviation for the state where you made your deposits OR write "MU" if you made your deposits in *multiple* states.

15  Check one: ☐ Line 10 is less than $2,500. Go to Part 3.

☐ You were a monthly schedule depositor for the entire quarter. Fill out your tax liability for each month. Then go to Part 3.

Tax liability:  Month 1 ☐☐☐☐☐☐☐.☐☐

*No Wages*

Month 2 ☐☐☐☐☐☐☐.☐☐

Month 3 ☐☐☐☐☐☐☐.☐☐

Total liability for quarter ☐☐☐☐☐☐☐.☐☐  Total must equal line 10.

☐ You were a semiweekly schedule depositor for any part of this quarter. Fill out *Schedule B (Form 941): Report of Tax Liability for Semiweekly Schedule Depositors*, and attach it to this form.

## Part 3: Tell us about your business. If a question does NOT apply to your business, leave it blank.

16  If your business has closed or you stopped paying wages  . . . . . . . . . . . . . ☑ Check here, and

enter the final date you paid wages    5/15/06.

17  If you are a seasonal employer and you do not have to file a return for every quarter of the year  . . ☐ Check here.

## Part 4: May we speak with your third-party designee?

Do you want to allow an employee, a paid tax preparer, or another person to discuss this return with the IRS? See the instructions for details.

☒ Yes.  Designee's name    Lorian Sanders

Phone    (858) 863-0332    Personal Identification Number (PIN)  ☐ 1 0 2 5 1 ☐

☐ No.

## Part 5: Sign here. You MUST fill out both sides of this form and SIGN it.

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

X  Sign your name here    *Lorian Sanders*

Print name and title    Lorian Sanders    Controller

Date    6/18/07    Phone ( 858) 863-0332

## Part 6: For PAID preparers only *(optional)*

Paid Preparer's Signature

Firm's name

Address                    EIN

                          ZIP code

Date    /    /    Phone (   )   -    SSN/PTIN

☐ Check if you are self-employed.

Page **2**                    Form **941** (Rev. 1-2006)

Form **940 for 2006:** **Employer's Annual Federal Unemployment (FUTA) Tax Return**                    850106
Department of the Treasury — Internal Revenue Service

OMB No. 1545-0028

**(EIN)**
**Employer identification number**    8 4 – 1 4 8 6 1 4 5

**Name** *(not your trade name)*

**Trade name** *(if any)*   Lightpointe Communications Inc.

**Address**   10140  Barnes Canyon Rd
Number          Street              Suite or room number
San Diego                Ca      92121
City                State    ZIP code

**Type of Return**
(Check all that apply.)

- [ ] a. Amended
- [ ] b. Successor employer
- [ ] c. No payments to employees in 2006
- [X] d. Final: Business closed or stopped paying wages

Read the separate instructions before you fill out this form. Please type or print within the boxes.

**Part 1: Tell us about your return. If any line does NOT apply, leave it blank.**

1   If you were required to pay your state unemployment tax in ...

    **1a  One state only,** write the state abbreviation . . . . . **1a** [  ] [  ]
        - OR -
    **1b  More than one state** (You are a multi-state employer) . . . . . . . **1b** [✓] Check here. Fill out Schedule A.

2

**Part 2: Determine your FUTA tax before adjustments for 2006. If any line does NOT apply, leave it blank.**

3   Total payments to all employees . . . . . . . . . **3**    2,527,725.

4   Payments exempt from FUTA tax . . . . . . . . **4**    0

    Check all that apply:  **4a** [ ] Fringe benefits  **4c** [X] Retirement/Pension  **4e** [ ] Other
                    **4b** [ ] Group term life insurance  **4d** [ ] Dependent care

5   Total of payments made to each employee in excess of $7,000 . . . . . . . . . . **5**    2,087,087.

6   Subtotal (line 4 + line 5 = line 6) . . . . . . . **6**    2,087,087.

7   Total taxable FUTA wages (line 3 – line 6 = line 7) . . **7**    440,638.

8   FUTA tax before adjustments (line 7 × .008 = line 8) . **8**    3525.

**Part 3: Determine your adjustments. If any line does NOT apply, leave it blank.**

9   If ALL of the taxable FUTA wages you paid were excluded from state unemployment tax, multiply line 7 by .054 (line 7 × .054 = line 9). Then go to line 12 . . . . . **9**    0.

10  If SOME of the taxable FUTA wages you paid were excluded from state unemployment tax, OR you paid ANY state unemployment tax late (after the due date for filing Form 940), fill out the worksheet in the instructions. Enter the amount from line 7 of the worksheet onto line 10 . **10**    0.

11

**Part 4: Determine your FUTA tax and balance due or overpayment for 2006. If any line does NOT apply, leave it blank.**

12  Total FUTA tax after adjustments (lines 8 + 9 + 10 = line 12) . . . . . . . . . **12**    3525.

13  FUTA tax deposited for the year, including any payment applied from a prior year . . . . **13**    3525.

14  Balance due (If line 12 is more than line 13, enter the difference on line 14.)
    • If line 14 is more than $500, you must deposit your tax.
    • If line 14 is $500 or less and you pay by check, make your check payable to the United States Treasury and write your EIN, Form 940, and 2006 on the check . . . **14**    0.

15  Overpayment (If line 13 is more than line 12, enter the difference on line 15 and check a box below.) . . . . . . . . . . . . . . . . . . . **15**    0.

Check one [ ] Apply to next return.
            [ ] Send a refund.

▶ You **MUST** fill out both pages of this form and **SIGN** it.

Next ▶

For Privacy Act and Paperwork Reduction Act Notice, see the back of Form 940-V, Payment Voucher.   Cat. No. 11234O   Form **940** (2006)

EXHIBIT B

850206

**Name** *(not your trade name)*  Hightpointe Communications Inc.

**Employer Identification number (EIN)** 84-148 6145

**Part 5: Report your FUTA tax liability by quarter only if line 12 is more than $500. If not, go to Part 6.**

16  Report the amount of your FUTA tax liability for each quarter; do NOT enter the amount you deposited. If you had no liability for a quarter, leave the line blank.

16a  **1st quarter** (January 1 – March 31)  . . . . . . . . .16a    3380 .

16b  **2nd quarter** (April 1 – June 30) . . . . . . . . . .16b    145 .

16c  **3rd quarter** (July 1 – September 30)  . . . . . . . .16c    0 .

16d  **4th quarter** (October 1 – December 31)  . . . . . . .16d    0 .

17  Total tax liability for the year (lines 16a + 16b + 16c + 16d = line 17) 17    3525 .    Total must equal line 12.

**Part 6: May we speak with your third-party designee?**

Do you want to allow an employee, a paid tax preparer, or another person to discuss this return with the IRS? See the instructions for details.

☑ **Yes.**  Designee's name   Lorian Sanders

Select a 5-digit Personal Identification Number (PIN) to use when talking to IRS   1  0  2  5  6

☐ **No.**

**Part 7: Sign here.**

**You MUST fill out both pages of this form and SIGN it.**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete, and that no part of any payment made to a state unemployment fund claimed as a credit was, or is to be, deducted from the payments made to employees.

**X  Sign your name here**   *Lorian Sanders*

Print your name here   Lorian Sanders

Print your title here   Controller

Date   6/21/07

Best daytime phone   (858) 863-0332

**Part 8: For PAID preparers only (optional)**

If you were paid to prepare this return and are not an employee of the business that is filing this return, you may choose to fill out Part 8.

Paid Preparer's name

Paid Preparer's signature

☐ Check if you are self-employed.

Preparer's SSN/PTIN

Date   /   /

Firm's name

Firm's EIN

Street address

City

State

ZIP code

Page 2

Form **940** (2006)

31

FORM B10 (Official Form 10)(10/05)

| UNITED STATES BANKRUPTCY COURT    SOUTHERN    DISTRICT OF  CALIFORNIA | **PROOF OF CLAIM** |
|---|---|

| Name of Debtor    LIGHTPOINTE COMMUNICATIONS, INC. | Case Number    06-02040-JH11    FILED TS |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A ''request'' for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.    AUG 29    AM 8: 51

| Name of Creditor (The person or other entity to whom the debtor owes money or property):    Department of the Treasury - Internal Revenue Service | ☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars. | CLERK RUPTCY CT OF CALIF |
|---|---|---|

Name and address where notices should be sent:

Internal Revenue Service
Insolvency Group 1
880 Front Street
San Diego, CA 92101-8869
Telephone number: (619) 615-9535    Creditor #:8999413

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.    THIS SPACE IS FOR COURT USE ONLY

| Last four digits of account or other number by which creditor identifies debtor:    see attachment | Check here ☐ replaces    ☐ amends    a previously filed claim, dated: _____ |
|---|---|

**1. Basis for Claim**

- ☐ Goods sold
- ☐ Services performed
- ☐ Money loaned
- ☐ Personal injury/wrongful death
- ☒ Taxes
- ☐ Other_____

☐ Retiree benefits as defined in 11 U.S.C. § 1114(a)
☐ Wages, salaries, and compensation (fill out below)
Last four digits of your SS #: _____
Unpaid compensation for services performed
from _____ to _____
          (date)          (date)

**2. Date debt was incurred:**    see attachment

**3. If court judgment, date obtained:**

**4. Classification of Claim.** Check the appropriate box or boxes that best describe your claim and state the amount of the claim at the time case filed.
See reverse side for important explanations.

Unsecured Nonpriority Claim  $_____

☐ Check this box if: a) there is no collateral or lien securing your claim, or b) your claim exceeds the value of the property securing it, or if c) none or only part of your claim is entitled to priority.

Unsecured Priority Claim.
☒ Check this box if you have an unsecured claim, all or part of which is entitled to priority.

Amount entitled to priority  $  114,171.92

Specify the priority of the claim:

☐ Domestic support obligations under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $10,000),* earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(4).

☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(5).

**Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:

☐ Real Estate  ☐ Motor Vehicle  ☐ Other_____

Value of Collateral:    $_____

Amount of arrearage and other charges at time case filed included in secured claim, if any:  $_____

☐ Up to $2,225* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(7).

☒ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).

☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).

*Amounts are subject to adjustment on 4/1/07 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**5. Total Amount of Claim at Time Case Filed:  $** _____ (unsecured)  _____ (secured)  114,171.92 (priority)  114,171.92 (Total)

☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**6. Credits:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.    THIS SPACE IS FOR COURT USE ONLY

**7. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

**8. Date-Stamped Copy:** To receive an acknowledgement of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

| Date    08/24/2006 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):    /s/ THERESA NESBITT, Insolvency Advisor | Angela R. Smith |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

32

EXHIBIT 29

# Proof of Claim for Internal Revenue Taxes

Department of the Treasury/Internal Revenue Service

**In the Matter of:**   LIGHTPOINTE COMMUNICATIONS, INC.
10140 BARNES CANYON ROAD
SAN DIEGO, CA  92121



**Form 10**
Attachment

| Docket Number |
| --- |
| 06-02040-JH11 |

| Type of Bankruptcy Case |
| --- |
| Chapter 11 |

| Date of Petition |
| --- |
| 07/31/2006 |

The United States has not identified a right of setoff or counterclaim. However, this determination is based on available data and is not intended to waive any right to setoff against this claim debts owed to this debtor by this or any other federal agency. All rights of setoff are preserved and will be asserted to the extent lawful.

**Unsecured Priority Claims** under section 507(a)(8) of the Bankruptcy Code

| Taxpayer ID Number | Kind of Tax | Tax Period | Date Tax Assessed | Tax Due | Interest to Petition Date |
| --- | --- | --- | --- | --- | --- |
| 84-1486145 | CORP-INC | 12/31/2005 | d NOT FILED | $100.00 | $0.00 |
| 84-1486145 | WT-FICA | 09/30/2006 | c UNASSESSED LIABILITY | $113,871.92 | $0.00 |
| 84-1486145 | CORP-INC | 12/31/2006 | d NOT FILED | $100.00 | $0.00 |
| 84-1486145 | FUTA | 12/31/2006 | d NOT FILED | $100.00 | $0.00 |
| | | | | $114,171.92 | $0.00 |

**Total Amount of Unsecured Priority Claims:**   $114,171.92

c  THE ABOVE LIABILITY HAS BEEN LISTED AS A POTENTIAL LIABILITY FOR THE DEBTOR DUE TO DEBTOR'S FAILURE TO MAKE REQUIRED TAX DEPOSITS.  AS SOON AS THE DEBTOR FILES THE RETURN WITH THE IRS AS REQUIRED BY LAW, THIS CLAIM WILL BE ADJUSTED AS NECESSARY.

d  THE ABOVE LIABILITY HAS BEEN LISTED AS A POTENTIAL LIABILITY FOR THE DEBTOR BECAUSE THE RETURN HAS NOT BEEN FILED. AS SOON AS THE DEBTOR FILES THE RETURN WITH THE IRS AS REQUIRED BY LAW THIS CLAIM WILL BE ADJUSTED TO REFLECT THE ASSESSED LIABILITY.

Page 1 of 1

FORM B10 (Official Form 10) (Rev. 06/03)

| **United States Bankruptcy Court**  SOUTHERN District of CALIFORNIA | | **PROOF OF CLAIM** |
|---|---|---|

| Name of Debtor<br>LIGHTPOINTE COMMUNICATIONS INC. | Case Number<br>06-02040 |
|---|---|

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

FILED AC

ЅЕP -1 РН 2: 29

ENTERED

**Name of Creditor** (The person or other entity to whom the debtor owes money or property):
**Dan McAllister**
**San Diego County Treasurer-Tax Collector**
**1600 Pacific Highway, Room 162**
**San Diego, CA 92101**

- [ ] Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.
- [ ] Check box if you have never received any notices from the bankruptcy court in this case.
- [ ] Check box if the address differs from the address on the envelope sent to you by the court.

CLERK
U.S. BANKRUPTCY CT
SO. DIST. OF CALIF.

SEP - 1 2006

CLERK U.S. BANKRUPTCY COURT
SOUTHERN DISTRICT OF CALIFORNIA
DEPUTY

Name and address where notices should be sent:
**San Diego County Treasurer-Tax Collector**
**Attn: Bankruptcy Desk**
**1600 Pacific Highway, Room 162**
**San Diego, CA 92101**

Telephone number: **(619) 531-4706**

| Account or other number by which creditor identifies debtor:<br>06-069220, 06-004690, 06-004689, 06-004688, 06-004687 | **Check here if this claim:**<br>☐ Replaces/Amends a previously filed claim, dated:_____ |
|---|---|

**1. Basis for claim:**
- [ ] Goods sold
- [ ] Services performed
- [ ] Money loaned
- [ ] Personal injury or wrongful death
- [x] Taxes
- [ ] Other: _____

Retiree benefits as defined in 11 U.S.C. § 1114(a)
Wages, salaries, and compensation (Fill out below)

Your SSN: _____-_____-_____

Unpaid compensation for services performed from _____ to _____
(Date)  (Date)

**2. Date Debt was incurred: JAN 1, 2002**
(earliest year owed – four digit year)

**3. If court judgment, date obtained:**

**4. Total Amount of Claim at Time Case Filed: 70,215.09**
If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
- [ ] Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
- [ ] Check this box if your claim is secured by collateral (including a right of setoff).

Brief description of Collateral:
- [ ] Real Estate   [ ] Motor Vehicle
- [ ] Other: _____

Value of Collateral: $_____

Statutory penalties and interest will continue to accrue.
Amount of arrearage and other charges at time case filed included in secured claim, if any $_____

**6. Unsecured Priority Claim.**
- [x] Check this box if you have an unsecured priority claim
  Amount entitled to priority $
  Specify the priority of the claim:
  Wages, salaries, or commissions (up to $4,300), * earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. § 507(a) (3).
  Contributions to an employee benefit plan– 11 U.S.C. § 507(a)(4).
  Up to $1,950* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use– 11 U.S.C. § 507(a)(6).
  Alimony, maintenance, or support owed to a spouse, former spouse, or child 11 U.S.C. § 507(a)(7).
  Taxes or penalties owed to governmental units– 11 U.S.C. § 507(a)(8).
  Other– Specify applicable paragraph of 11 U.S.C. § 507 (a___).
  *Amounts are subject to adjustment on 4/1/98 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**7. CREDITS:** The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.
**8. Supporting Documents:** *Attach copies of supporting documents,* such as promissory notes, purchase orders, invoices, itemizes statements or running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien. DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.
**9. Date-Stamped Copy:** To Receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

This Space Is For Court Use Only

| Date:<br>08/31/06 | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any):<br>Jan Albert Fontecha   *(signature)* |
|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

FORM B10 (Official Form 10) (Rev. 6/00)

34

**EXHIBIT 33**

## PROOF OF SERVICE BY MAIL

I am a citizen of the United States and am employed in the office of the Treasurer Tax Collector, County of San Diego I am over the age of eighteen years and not a party to the within action; my business address is 1600 Pacific Highway, Room 162 San Diego, CA 92101-2475.

On August 31, 2006, I served the PROOF OF CLAIM BY SECURED CREDITOR COUNTY OF SAN DIEGO, CALIFORNIA on the interested parties in said action by placing a true copy thereof in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California addressed to those parties on the sheet attached.

Clerk's Office

Jacob Weinberger U.S. Courthouse

325 West F Street

San Diego, CA 92101-6991.


**Ron Bender**

Levene, Neale, Bender, Rankin & Brill

10250 Constellation Blvd,

Suite 1700

Los Angeles, CA 90067


☒　**BY REGULAR MAIL:** I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on the same day with postage thereon fully prepaid at San Diego, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

☐　**BY FACSIMILE TRANSMISSION:** I transmitted the above listed documents to those parties indicated on the attached service list at the fax numbers so indicated. I caused the machine to print a transmission record of the transmission, a copy of which is attached to this declaration.

I, Jan Albert Fontecha, declare that I am employed in the office at whose direction this mailing is made. Executed on August 31, 2006 in San Diego, California.

Jan Albert Fontecha (Deputy Tax Collector)

# IMPORTANT DEMAND DATE
## PAY BY ⟶ AT ONCE

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**ESCAPE YEAR: 2002**
**Description of Property:** 1-PERSONAL PROPERTY/FIXTURES
**Property Location:** 10140 BARNES CANYON RD

Enrollment Authorities:
RUN DATE AUTH
02/23/06        531 CD DESCRIPTION
02/23/06    /PERS    531.30 ESCAPE ASSESSMENT
                     506.00 ESCAPE PROPERTY/FAILS TO REPORT C
                     ESCAPE INTEREST C

NOTE: THIS BILL IS A MANUAL REPRINT

### DETAIL OF TAX INFORMATION

| | | |
|---|---|---|
| RATE 1.11153 | NET TAX | 9,646.96 |
| | ESC INT | 3,038.79 |
| | TOT DUE | 12,685.75 |

| | |
|---|---|
| TOTAL DUE | 12,685.75 |
| TOTAL PAID | .00 |
| BALANCE DUE | 12,685.75 |

TRUS BILL PRINT

---

**2006**

UNSECURED PROPERTY TAX BILL
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA
**DAN McALLISTER, COUNTY**
**TREASURER-TAX COLLECTOR**
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA, 92101-2474

GREGORY J. SMITH
COUNTY ASSESSOR
ROOM 103,
1600 PACIFIC HWY,
SAN DIEGO, CA, 92101

| 06 | 004687 | 008012 |
|---|---|---|
| | 700-0152000 | |

**STATUS: OPEN**

### PROPERTY VALUES AND EXEMPTIONS

| | |
|---|---|
| Land | |
| Improvements | |
| Total L & I | 0 |
| Personal Property | 0 |
| Exemptions: | |
| Homeowner's | |
| Other | 867,900 |
| Net Taxable Value | 867,900 |

ANY QUESTIONS
ABOUT THE                     0
ASSESSED VALUES    08/31/06
OR TO WHOM THIS TAX
BILL SHOULD BE ASSESSSED
SHOULD BE ADDRESSED TO:

EXEMPTIONS:
Homeowner ......(619) 531-5772
Institutional.....(619) 531-5763

TELEPHONE NUMBERS:
ASSESSMENTS:
Boats and Aircraft (858) 505-6200
Business ...........(858) 505-6100
Realty ...............(858) 505-6262

CREDIT CARD PAYMENTS:
DISCOVER...... (619) 531-5820
VISA.............. (619) 685-2646

QUESTIONS ABOUT TAX
PAYMENTS, REFUNDS,
PENALTIES OR
COLLECTION PROCEDURES
SHOULD BE DIRECTED TO
THE TREASURER-TAX COLLECTOR
PHONE: .......... (619) 531-5820
FAX:............ (619) 685-2589

http://www.sdtreastax.com

---

**Mail STUB with your PAYMENT. Put Tax Bill Number on your CHECK.
Your Cancelled Check is your best RECEIPT and Proof of Payment**

**NOTICE: This Tax Bill is Payable on Demand**

| 2 | 0 | 0 | **UNSECURED PROPERTY TAXES** Send this STUB with your PAYMENT |
| 6 | 0 | 0 | Make Remittance Payable To: **San Diego County Treasurer-Tax Collector** |

| 06 | 004687 | BALANCE DUE: $    12,685.75 |
|---|---|---|

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

BK-06-02040
F 7/31/06

**BANKRUPTCY**
REHANDLED
_____ DIV ___ INT

0500026575050040687005000265750504687002

1. **TAX PAYMENT/FISCAL YEAR** – The liability for taxes attaches annually as of 12:01 AM on the first of January preceding the fiscal year for which the taxes are levied, except for escape assessments. (Ca. R&T Code, Sec. 2192) Tax assessments are for the fiscal year of July 1 through June 30. However, no proration will be made due to sale or disposal of taxable property after the applicable lien date (March 1st prior to 1997 and January 1 for each year thereafter). Contact the County Assessor for Calamity Proration Claims. See paragraph 7. (Determination of Payment) for address.

2. **ENFORCEMENT OF PAYMENT** – Taxes on the Unsecured Roll may be collected by the Recording of Tax Lien, Suit in the Courts, Summary Judgment, withholding of California Vessel Registration, or Seizure and Sale of any property belonging to or assessed to the Assessee.

3. **MAIL PAYMENTS** – Your taxes may be paid by mail, returning the stub with your payment in the envelope provided. If your tax remittance is sent through the U.S. mail, properly addressed and with the required postage, prepaid, it shall be deemed received on the date shown by the Post Office cancellation or the date of cancellation mark stamped on the envelope containing the remittance. (Sec. 2512 R&T Code). The Treasurer-Tax Collector acts only as the taxpayer's collecting agent and assumes no responsibility for the loss of payment in transit.

4. **ESCROWS** – The transfer of title of applicable unsecured property is fraudulent and void as against existing creditors, if the notice of the intended sale is not recorded, and advertised, pursuant to Section 3440 of the Ca. Civil Code and Section 6107 of the Ca. Uniform Commercial Code. The Treasurer-Tax Collector will pursue the collection of all taxes covering property so advertised, and will issue writs of Seizure and Sale against the assessed property if said taxes are not paid by the escrow officer on or prior to the closing date of the escrow.

5. **DISHONORED CHECKS** – If a check or draft was given in payment of a tax bill, the receipt given shall be void and of no effect should said check or draft be not paid on presentation. (Ca. Gov't Code, Secs. 6155 and 25303.5).

6. **DISHONORED CHECK FEE** – A fee will be charged for all checks returned for any reason.

7. **DETERMINATION OF ASSESSEE** – Annually, the Assessor shall assess all the taxable property in the county, except state-assessed property, to the persons owning, claiming, possessing or controlling it at 12:01 AM on the first of January each year. (Ca. R&T Code, Sec. 405). The lien date determines the obligation to pay taxes.

8. **DETERMINATION OF ASSESSEE (cont.)** – The disposal of property after the lien date does not relieve the Assessee of the responsibility. Questions regarding determination of Assessee should be directed to the Assessor, Room 103, 1600 Pacific Highway, San Diego, Room 103, 1600 Pacific Highway, San Diego, CA 92101. See reverse side for Assessor telephone numbers.

**VALUATION QUESTIONS** – Questions regarding the value of your property should be directed to the Assessor. Appeals for adjustment to the value of your property assessed on or before July 1 shall be made between July 2 and November 30. (Ca. R&T Code Sec. 1603). Appeals for adjust- ment to the value of your property assessed after July 1, as well as escape assess- ments, whenever assessed, shall be made no later than 60 days after the date the bill was mailed. (Ca. R&T Code Sec. 1603). Appeals should be made to the Clerk of the Assessment Appeals Board located in the County Administration Center, 1600 Pacific Highway, Room 402, San Diego, CA 92101. Phone: (619) 531-5777.

9. **ASSESSOR'S RIGHT TO INVESTIGATE** – This tax bill is issued subject to the right of the County Assessor to investigate and determine whether the person, firm, or corporation to whom this tax bill is issued.

10. **EXEMPTIONS (HOMEOWNER'S, VETERAN'S, CHURCH, INSTITUTIONAL, and NON-RESIDENT MILITARY)** – Application for exemptions must be filed with the County Assessor within definite dates prescribed by law. Contact the County Assessor's office if in doubt. For Assessor's Office address and phone number see reverse side.

11. **PENALTIES** – A penalty of ten percent applies on August 31 at 5:00 PM on all unpaid bills assessed prior to August 1. A penalty of ten percent attaches to assessment made from August 1 through July 31 if unpaid by 5:00 PM on the last day of the month succeeding the month in which the assessment was made. An additional penalty of one and one-half percent attaches to all taxes unpaid by 5:00 PM on the last business day twenty days after the ten percent penalty was attached, and each month thereafter until the tax bill is paid.

12. **COLLECTION OF TAX DURING APPEALS** – Collection of the tax will not be held in abeyance during Assessor or Assessment Appeals review. If the taxes become delinquent during the appeal, the Assessment Appeals Board cannot reduce the penalties, but can make to this office after the Auditor corrects the tax roll.

13. **CLAIMS FOR REFUND** – The taxpayer's due process remedy in cases of dispute with the Assessor, Assessment Appeals Board or Treasurer-Tax Collector decisions is to pay the tax and file a claim for refund with the Clerk of the Board of Supervisors, 1600 Pacific Highway, San Diego, CA 92101. A letter stating the tax bill numbers, amount of refund claimed and the reason for the claim is sufficient. (Ca. R&T Code Sec. 5097 and 5140).

14. **SUPERIOR COURT** – If a claim for refund is denied, the San Diego Superior Court may have jurisdiction over the relief requested. A complaint must be filed within six months of any denial of a claim for refund.

15. **TAX BILL REQUESTS** – If you have not received a tax bill by the 1st of the year it is your responsibility to call (619) 531-5822 and request a duplicate bill. Penalties cannot be cancelled due to a non-receipt of a tax bill.

16. **COLLECTION COSTS** – In addition to any other penalties and costs, the Tax Collector may collect actual costs of collection incurred by the County up to the time the delinquency is paid.

17. **CIVIL ACTION** – In any civil action, the Treasurer-Tax Collector may sue the taxpayer in its own name, including general partners of a partnership assessee, persons who have assumed the liability to pay the assessed taxes by contract or lease, or those persons who are alter ego or successor in interest of a corporate assessee.

18. **INFORMAL ASSESSMENT REVIEW** – Should there be a disagreement with a change in assessed value on the tax bill, an informal assessment review may be scheduled by contacting the Assessor. Should no agreement be reached with the Assessor, an assessment appeal may be filed within the time period allowed in paragraph 8 (Valuation Questions).

19. **BRANCH OFFICES:** Treasurer-Tax Collect personnel are operating personnel and information counters at the Assessor's Offices in:

Chula Vista at 590 Third Ave.,
Chula Vista, CA, 91910
Phone:(619)498-2293 FAX:(619)498-2271
El Cajon at 200 S. Magnolia Ave,
El Cajon, CA, 92020
Phone:(619)401-5707 FAX:(619)401-5717
Kearny Mesa at 9225 Claremont Mesa Blvd.,
1st Floor,
San Diego, CA, 92123
Phone:(858)505-6060 FAX:(858)505-6074
San Marcos at 334 Via Vera Cruz, Ste. 150,
San Marcos, CA, 92078-2638
Phone:(760)940-2904 FAX:(760)940-6890

**DISCOVER CARD PAYMENTS:** are accepted at our cashiering counters or by phone at: (619)531-5820 OR (760)480-6075.

**VISA CARD PAYMENTS: CANNOT be** accepted at our cashiering counters at this time. Please call (619)685-2646.

http://www.sdtreastax.com

## HELP US IMPROVE SERVICE TO YOU

Write the year(s) and bill number(s) on the face of your check.

Complete the enclosed notice, if applicable, and mail to:

**Gregory J. Smith, Assessor**

Please use enclosed self-addressed envelope for your remittance.

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

37

# IMPORTANT DEMAND DATE
## PAY BY ➜ AT ONCE

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**ESCAPE YEAR: 2003**
**Description of Property:** 1-PERSONAL PROPERTY/FIXTURES
**Property Location:** 10140 BARNES CANYON RD
Enrollment Authorities:
RUN DATE AUTH        R&T CD DESCRIPTION
02/23/06      531.30 ESCAPE ASSESSMENT
      /PERS PROPERTY/FAILS TO REPORT C
02/23/06      506.00 ESCAPE INTEREST
02/23/06      463.00 10% PENAL ASSESSM
ENT/FAILS TO FILE PROPERTY STMT

NOTE: THIS BILL IS A MANUAL REPRINT

| DETAIL OF TAX INFORMATION | | |
|---|---|---|
| RATE 1.11031 | NET TAX | 6,746.68 |
| | ESC INT | 1,518.00 |
| | TOT DUE | 8,264.68 |

| | |
|---|---|
| TOTAL DUE | 8,264.68 |
| TOTAL PAID | .00 |
| BALANCE DUE | 8,264.68 |

TRUS BILL PRINT

---

**2006**

UNSECURED PROPERTY TAX BILL
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA
**DAN McALLISTER, COUNTY**
**TREASURER-TAX COLLECTOR**
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA, 92101-2474

GREGORY J. SMITH
COUNTY ASSESSOR
ROOM 103,
1600 PACIFIC HWY,
SAN DIEGO, CA, 92101

| 06 | 004688 | 008012 |
|---|---|---|

700-0152000

**STATUS: OPEN**

| PROPERTY VALUES AND EXEMPTIONS | |
|---|---|
| Land | 0 |
| Improvements | 0 |
| Total L & I | 0 |
| Personal Property | 607,640 |
| Exemptions: | |
| Homeowner's | |
| Other | 6 |
| Net Taxable Value | 607,640 |

ANY QUESTIONS
ABOUT THE          0
ASSESSED VALUES      08/31/06
OR TO WHOM THIS TAX
BILL SHOULD BE ASSESSED
SHOULD BE ADDRESSED TO:

http://www.sdtreastax.com

**TELEPHONE NUMBERS:**
**ASSESSMENTS:**
Boats and Aircraft .(858) 505-6200
Business ............(858) 505-6100
Realty .............(858) 505-6262

**EXEMPTIONS:**
Homeowner ......(619) 531-5772
Institutional.....(619) 531-5764

**CREDIT CARD PAYMENTS:**
DISCOVER:......(619) 531-5820
VISA:...........(619) 685-2646

QUESTIONS ABOUT TAX
PAYMENTS, REFUNDS,
PENALTIES OR
COLLECTION PROCEDURES
SHOULD BE DIRECTED TO
THE TREASURER-TAX COLLECTOR
PHONE:.........(619) 531-5820
FAX:...........(619) 685-2589

**NOTICE: This Tax Bill is Payable on Demand**
**UNSECURED PROPERTY TAXES  Send this STUB with your PAYMENT**
**Make Remittance Payable To: San Diego County Treasurer–Tax Collector**

**Mail STUB with your PAYMENT. Put Tax Bill Number on your CHECK.**
**Your Cancelled Check is your best RECEIPT and Proof of Payment**

| 06 | 004688 | BALANCE DUE: $    8,264.68 |
|---|---|---|

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

BK - 06-02040
F - 7/31/06

**BALANCE DUE: $    8,264.68**

**BANKRUPTCY**

REHANDLED
5P DIV 3P INT

0500082446805004680050008244680500082446805004680054

38

1. **TAX PAYMENT/FISCAL YEAR** – The liability for taxes attaches annually as of 12:01 AM on the first of January preceding the fiscal year for which the taxes are levied except for escape assessments. (Ca. R&T Code, Sec. 2192.) Tax assessments are for the fiscal year of July 1 through June 30. However, no proration will be made due to sale or disposal of taxable property after the applicable lien date (March 1st prior to 1997 and January 1 for each year thereafter). Contact the County Assessor for Calamity Proration Claims. See paragraph 7 (**Determination of Assessee**) for address.

2. **ENFORCEMENT OF PAYMENT** – Taxes on the Unsecured Roll may be collected by Recording of Tax Lien, Suit in the Courts, Summary Judgment, withholding of California Vessel Registration, or Seizure and Sale of any property belonging to or assessed to the Assessee.

3. **MAIL PAYMENTS** – Your taxes may be paid by mail, returning the stub with your payment in the envelope provided. If your tax remittance is sent through the U.S. mail, properly addressed and with the required postage, prepaid, it shall be deemed received on the date shown by the Post Office Department cancellation mark stamped on the envelope containing the remittance. (Sec. 2512 R&T Code.) The taxpayer's collecting agent and assumes no responsibility for the loss of payment in transit.

## HELP US IMPROVE SERVICE TO YOU

Write the year(s) and bill number(s) on the face of your check.

Complete the enclosed notice, if applicable, and mail to:

**Gregory J. Smith, Assessor**

Please use enclosed self-addressed envelope for your remittance.

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

39

4. **ESCROWS** – The transfer of title of applicable unsecured property is fraudulent and void as against existing creditors, if the notice of the intended sale is not recorded, noticed, and advertised, pursuant to Section 3440 of the Ca. Civil Code and Section 6107 of the Ca. Uniform Commercial Code. The Treasurer-Tax Collector will pursue the collection of all taxes on unsecured property so advertised, and will issue writs of Seizure and Sale against the assessed property if said taxes are not paid by the escrow officer on or prior to the closing date of the escrow.

5. **DISHONORED CHECKS** – If a check or draft was given in payment of a tax bill, the receipt given shall be void and of no effect should said check or draft be not paid upon presentation. (Ca. R&T Code, Secs. 6155 and 25303.5).

6. **DISHONORED CHECK FEE** – A fee will be charged for all checks returned for any reason.

7. **DETERMINATION OF ASSESSEE** – Annually, the Assessor shall assess all the taxable property in the county, except property owned by this state, or by the Federal government, to the persons owning, claiming, possessing or controlling it at 12:01 AM on the first of January each year. (Ca. R&T Code, Sec. 405). The lien date determines the obligation to pay taxes.

8. **DETERMINATION OF ASSESSEE (cont.)** – The disposal of property after the lien date does not relieve the Assessee of their responsibility. Questions as to their determination of Assessee should be directed to the Assessor, Room 103, 1600 Pacific Highway, San Diego, CA 92101. See reverse side for Assessor telephone numbers.

**VALUATION QUESTIONS** – Questions regarding the value of your property should be directed to the Assessor. Appeals for adjustment to the value of your property assessed on or before July 1 shall be made between July 2 and November 30. (Ca. R&T Code Sec. 1603). Appeals for adjust- ment to the value of your property assessed after July 1, as well as all escape assess- ments, whenever assessed, shall be made no later than 60 days after the date the bill was mailed. (Ca. R&T Code Sec. 1603). Appeals should be made to the Clerk of the Assessment Appeals Board located in the County Administration Center, 1600 Pacific Highway, Room 402, San Diego, CA 92101. Phone: (619) 531-5777.

9. **ASSESSOR'S RIGHT TO INVESTIGATE** – This tax bill is issued subject to the right of the County Assessor to re-examine and to investigate the taxable status of the person, firm, or corporation to whom this tax bill is issued.

10. **EXEMPTIONS (HOMEOWNER'S, VETERAN'S, FISHING, INSTITUTIONAL, and NON-RESIDENT MILITARY)** – Application for exemptions must be filed with the County Assessor within definite dates prescribed by law. Contact the County Assessor's office if in doubt. For Assessor's Office address and phone number see reverse side.

11. **PENALTIES** – A penalty of ten percent applies on August 31 at 5:00 PM on all unpaid bills assessed prior to August 1. A penalty of ten percent and additional amounts added after July 31 if unpaid by 5:00 PM on the last day of the month succeeding the month in which the assessment was made. An additional penalty of one and one-half percent attaches to all taxes unpaid on the last day of each of every month thereafter. Plus, the ten percent penalty was attached, and each month thereafter until the tax bill is paid.

12. **COLLECTION OF TAX DURING APPEALS** – Collection of the tax will not be held in abeyance during Assessor or Assessment Appeals review. If the tax is reduced on Assessment Appeals review, cancels or reduces the tax, a refund will be made by this office after the Auditor corrects the tax roll.

13. **CLAIMS FOR REFUND** – The taxpayer's due process remedy in cases of dispute with the Assessment Appeals Board, or with Treasurer-Tax Collector decisions is to pay the tax and file a claim for refund with the Clerk of the Board of Supervisors, 1600 Pacific Highway, San Diego, CA 92101. A letter stating the tax bill numbers, amount of refund claimed and the reason for the claim is sufficient. (Ca. R&T Code Sec. 5097 and 5140).

14. **SUPERIOR COURT** – If a claim for refund is denied, the San Diego Superior Court may have jurisdiction over the relief requested. A complaint must be filed within six months of any denial of a claim for refund.

15. If you have not received a tax bill by August 1st if you know it's your responsibility to call (619) 531–582 and request a duplicate bill. **Penalties cannot be cancelled due to a non-receipt of a tax bill.**

16. **COLLECTION COSTS** – In addition to any penalties, the Treasurer-Tax Collector may collect actual costs of collection incurred by the County up to the time the delinquency is paid.

17. **CIVIL ACTION** – In any civil action, the Treasurer-Tax Collector may sue the taxpayer in his own name, including general partners of a partnership, persons who have assumed the liability to pay the assessed taxes by contract or lease, or those persons who are alter ego or successor in interest of a corporate assessee.

18. **INFORMAL ASSESSMENT REVIEW** – Should there be a disagreement with a change in assessed value on the tax bill, an informal assessment review may be scheduled by contacting the Assessor. Should no agreement be reached with the Assessor, an assessment appeal may be filed with the Assessment Appeals Board within the dates and period allowed in paragraph 8 (**Valuation Questions**).

19. **BRANCH OFFICES:** Treasurer-Tax Collector personnel are operating payment and information counters at the Assessor's Offices in:

Chula Vista at 590 Third Ave.,
Chula Vista, CA 91910
Phone:(619)498-2293 FAX:(619)498-2271
El Cajon at 200 S. Magnolia Ave.,
El Cajon, CA, 92020
Phone:(619)401-5751 FAX:(619)401-5717
Kearny Mesa at 8225 Clairemont Mesa Blvd.,
1st Floor,
San Diego, CA, 92123
Phone:(858)505-6060 FAX:(858)505-6074
San Marcos at 334 Via Vera Cruz, Ste. 150,
San Marcos, CA, 92078-2638
Phone:(760)940-2904 FAX:(760)940-6890

**DISCOVER CARD PAYMENTS:** are accepted at our cashiering counters or by phone at (619)531–5820 OR (760)844-3701 OR (760)480-6075.

**VISA CARD PAYMENTS: CANNOT be accepted** at our cashiering counters at this time. Please call (619)685–2646.

http://www.sdtreastax.com

## IMPORTANT DEMAND DATE

**PAY BY →** *AT ONCE*

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**ESCAPE YEAR: 2004**
**Description of Property:** 1-PERSONAL PROPERTY/FIXTURES
**Property Location:** 10140 BARNES CANYON RD
Enrollment Authorities:

| RUN DATE AUTH | SET CD DESCRIPTION |
|---|---|
| 02/23/06 | 531.40 ESCAPE ASSESSMENT |
| /BUS PROPERTY INACCURATE STMT/RP | |
| 02/23/06 | 506.00 ESCAPE INTEREST |
| 02/23/06 | 463.00 10% PENAL ASSESSM |
| ENT/FAILS TO FILE PROPERTY STMT | |

NOTE: THIS BILL IS A MANUAL REPRINT

### DETAIL OF TAX INFORMATION

| | | |
|---|---|---|
| RATE 1.12718 | NET TAX | 10,400.26 |
| | ESC INT | 1,404.03 |
| | TOT DUE | 11,804.29 |

| | |
|---|---|
| TOTAL DUE | 11,804.29 |
| TOTAL PAID | .00 |
| BALANCE DUE | 11,804.29 |

TRUS BILL PRINT

---

ANY QUESTIONS                                    0
ABOUT THE                            08/31/06
ASSESSED VALUES
OR TO WHOM THIS TAX
BILL SHOULD BE ASSESSED
SHOULD BE ADDRESSED TO:

UNSECURED PROPERTY TAX BILL
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA
**DAN McALLISTER, COUNTY**
**TREASURER–TAX COLLECTOR**
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA, 92101-2474

**2006**

| 06 | 004689 | 008012 |
|---|---|---|

700-0152000

**STATUS: OPEN**

GREGORY J. SMITH
COUNTY ASSESSOR
ROOM 103,
1600 PACIFIC HWY,
SAN DIEGO, CA, 92101

**TELEPHONE NUMBERS:**
**ASSESSMENTS:**
Boats and Aircraft ...(858) 505-6200
Business ............(858) 505-6100
Realty .............(858) 505-6262

**EXEMPTIONS:**
Homeowner .........(619) 531-5772
Institutional ......(619) 531-5763

**CREDIT CARD PAYMENTS:**
DISCOVER ...........(619) 531-5820
VISA ...............(619) 685-2646

QUESTIONS ABOUT TAX
PAYMENTS, REFUNDS,
PENALTIES OR
COLLECTION PROCEDURES
SHOULD BE DIRECTED TO
THE TREASURER–TAX COLLECTOR
PHONE: ...........(619) 531-5820
FAX: ............(619) 685-2589

### PROPERTY VALUES AND EXEMPTIONS

| | |
|---|---|
| Land | |
| Improvements | |
| Total L & I | |
| Personal Property | 9,240 |
| | 9,240 |
| | 913,440 |
| Exemptions: | |
| Homeowner's | |
| Other | |
| Net Taxable Value | 922,680 |

http://www.sdtreastax.com

**Mail STUB with your PAYMENT. Put Tax Bill Number on your CHECK.**
**Your Cancelled Check is your best RECEIPT and Proof of Payment.**

**NOTICE: This Tax Bill is Payable on Demand**
**UNSECURED PROPERTY TAXES** Send this STUB with your **PAYMENT**
Make Remittance Payable To: **San Diego County Treasurer–Tax Collector**

| 2 | 0 | 0 |
|---|---|---|
| 0 | 0 | 6 |

| 06 | 004689 | **BALANCE DUE: $ 11,804.29** |
|---|---|---|

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

BK-06-02040
F-7/31/06

**BANKRUPTCY**

REHANDLED,
___/DIV ___/INT

0500118042906004689005001180429060046090053

40

**1. TAX PAYMENT/FISCAL YEAR** – The liability for taxes attaches annually as of 12:01 AM on January 1 immediately preceding the fiscal year for which the taxes are levied except for escape assessments. (Ca. R&T Code, Sec. 2192) Tax assessments are for the fiscal year of July 1 through June 30. However, no proration will be made due to sale or disposal of taxable property after the applicable lien date (March 1st prior to 1997 and January 1 for each year thereafter). Contact the County Assessor for Calamity Proration Claims. See paragraph 7 (**Determination of Assessee**) for address.

**2. ENFORCEMENT OF PAYMENT** –Taxes on the Unsecured Roll may be collected by Recording of Tax Lien, Suit in the Courts, Summary Judgment, withholding of California Vessel Registration, or Seizure and Sale of any property belonging to or assessed to the Assessee.

**3. MAIL PAYMENTS** – Your taxes may be paid by mail, returning the stub with your payment in the envelope provided. If your tax remittance is sent through the U.S. mail, properly addressed and with the required postage, prepaid, it shall be deemed received on the date shown by the Post Office Department cancellation mark stamped on the envelope containing the remittance. (Sec. 2512 R&T Code) The taxpayer's collecting agent and assumes no responsibility for the loss of payment in transit.

**4. ESCROWS** – The transfer of title of applicable unsecured property is fraudulent and void as against existing creditors, if the notice of the intended sale is not recorded, noticed, and advertised, pursuant to Section 3440 of the Ca. Civil Code and Section 6107 of the Ca. Uniform Commercial Code. The Treasurer–Tax Collector will pursue the collection of all taxes covering property so advertised, and will issue writs of Seizure and Sale against the assessed property if said taxes are not paid by the escrow officer on or prior to the closing date of the escrow.

**5. DISHONORED CHECKS** – If a check or draft was given in payment of a tax bill, the receipt given shall be void and of no effect should said check or draft be not paid on presentation. (Ca. Gov't Code, Secs. 6155 and 25303.5).

**6. DISHONORED CHECK FEE** – A fee will be charged for all checks returned for any reason.

**7. DETERMINATION OF ASSESSEE** – Annually, the Assessor shall assess all the taxable property in the county, except state-assessed property, to the persons owning, claiming, possessing or controlling it at 12:01 AM on the first of January each year. (Ca. R&T Code, Sec. 405) The lien date determines the obligation to pay taxes.

## HELP US IMPROVE SERVICE TO YOU

Write the year(s) and bill number(s) on the face of your check.

Complete the enclosed notice, if applicable, and mail to:

**Gregory J. Smith, Assessor**

Please use enclosed self-addressed envelope for your remittance.

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

41

**DETERMINATION OF ASSESSEE (cont.)** – The disposal of property after the lien date does not relieve the Assessee of their responsibilities for payments. Upon termination of business should be directed to the Assessor, Room 103, 1600 Pacific Highway, San Diego, CA 92101. See reverse side for Assessor telephone numbers.

**8. VALUATION QUESTIONS** – Questions regarding the value of your property should be directed to the Assessor. Appeals for adjustment to the value of your property assessed on or before July 1 shall be made between July 2 and November 30. (Ca. R&T Code Sec. 1603). Appeals for adjust–ment to the value of your property assessed after July 1, as well as all escape assess–ments, whenever assessed, shall be made no later than 60 days after the date the bill was mailed. (Ca. R&T Code Sec. 1603). Appeals should be made to the Clerk of the Assessment Appeals Board located in the County Administration Center, 1600 Pacific Highway, Room 402, San Diego, CA 92101. Phone: (619) 531–5777.

**9. ASSESSOR'S RIGHT TO INVESTIGATE** – This tax bill is issued subject to the right of the County Assessor to examine and investigate the taxable status of the person, firm, or corporation to whom this tax bill is issued.

**10. EXEMPTIONS (HOMEOWNER'S, VETERAN'S, FISHING, INSTITUTIONAL, and NON–RESIDENT MILITARY)** – Application for exemptions must be filed with the County Assessor within definite dates prescribed by law. Contact the County Assessor's office if in doubt. For Assessee's office and phone number see reverse side.

**11. PENALTIES** – A penalty of ten percent applies on August 31 at 5:00 PM on all unpaid bills assessed prior to August 1. A penalty of ten percent is due on assess–ments added after July 31 if unpaid by 5:00 PM on the last day of the month succeeding the month in which the assessment was made. An additional penalty of one and one-half percent attaches to all taxes unpaid after July 1 on the last business day of every month after the tax penalty was attached, and each month thereafter until the tax bill is paid.

**DISCOVER CARD PAYMENTS:** are accepted at our cashiering counters or by phone at (619)531–5820 OR (760)944–3701 OR (760)480–6075.

**VISA CARD PAYMENTS:** CANNOT be accepted at our cashiering counters at this time. Please call (619)685–2646.

**12. COLLECTION OF TAX DURING APPEALS** – Collection of the tax will not be held in abeyance during Assessment Appeals review. If the Assessment or Assessment Appeals Board cancels or reduces the tax, a refund will be made by this office after the Auditor corrects the tax roll.

**13. CLAIMS FOR REFUND** – The taxpayer's due process remedy in cases of dispute with the Assessor, Assessment Appeals Board or Treasurer–Tax Collector decisions is to pay the tax and file a claim for refund with the Clerk of the Board of Supervisors, 1600 Pacific Highway, San Diego, CA 92101. A letter stating the tax bill numbers, amount of refund claimed and the reason for the claim is sufficient. (Ca. R&T Code Sec. 5097 and 5140).

**14. SUPERIOR COURT** – If a claim for refund is denied, the San Diego Superior Court may have jurisdiction over the relief requested. A complaint must be filed within six months of any denial of a claim for refund.

**15. TAX BILL REQUESTS** – If you have not received a tax bill by the first of the year, it is your responsibility to call (619) 531–5820 and request a duplicate bill. **Penalties cannot be cancelled due to a non–receipt of a tax bill.**

**16. COLLECTION COSTS** – In addition to any other penalties imposed by law, this office may collect actual costs of collection incurred by the County up to the time the delinquency is paid.

**17. CIVIL ACTION** – In any civil action, the Treasurer–Tax Collector may sue the taxpayer in his own name, including general partners of a partnership, persons who have assumed the liability to pay the assessed taxes by contract or lease, or those persons who are alter ego or successor in interest of a corporate assessee.

**18. INFORMAL ASSESSMENT REVIEW** – Should there be a disagreement with a change in assessed value on the tax bill, an informal assessment review may be scheduled by contacting the Assessor. Should no agreement be reached with the Assessor, an assessment appeal must be filed within the time period allowed in paragraph 8 (**Valuation Question**).

**19. BRANCH OFFICES:** Treasurer–Tax Collector personnel are operating counters and information counters at the Assessor's Offices in:

Chula Vista at 590 Third Ave.,
Chula Vista, CA. 91910
Phone:(619)498–2293 FAX:(619)498–2271
El Cajon at 200 S. Magnolia Ave.,
El Cajon, CA. 92020
Phone (619)401–5707 FAX:(619)401–5717
Kearny Mesa at 9225 Claremont Mesa Blvd.,
1st Floor
San Diego, CA. 92123
Phone:(858)505–6060 FAX:(858)505–6074
San Marcos at 334 Via Vera Cruz, Ste. 150,
San Marcos, CA. 92078–2638
Phone:(760)940–2904 FAX:(760)940–5890

http://www.sdtreastax.com

# IMPORTANT DEMAND DATE
## PAY BY ➡ AT ONCE

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**ESCAPE YEAR: 2005**
Description of Property: 1-PERSONAL PROPERTY/FIXTURES
Property Location: 10140 BARNES CANYON RD

Enrollment Authorities:
| | | |
|---|---|---|
| RUN DATE | R&T CD | DESCRIPTION |
| 02/23/05 AUTH | 531.40 | ESCAPE ASSESSMENT |
| /BUS PROPERTY | | INACCURATE STMT/RP |
| 02/23/06 | 506.00 | ESCAPE INTEREST |
| 02/23/06 | 463.00 | 10% PENAL.ASSESSM |
| ENT/FAILS TO FILE PROPERTY STMT | | |

NOTE: THIS BILL IS A MANUAL REPRINT

TRUS BILL PRINT

**DETAIL OF TAX INFORMATION**

| | RATE | 1.11827 |
|---|---|---|
| NET TAX | | 9,122.39 |
| ESC INT | | 410.50 |
| TOT DUE | | 9,532.89 |
| TOTAL DUE | | 9,532.89 |
| TOTAL PAID | | .00 |
| BALANCE DUE | | 9,532.89 |

---

**2006**

UNSECURED PROPERTY TAX BILL
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA
**DAN McALLISTER, COUNTY**
**TREASURER-TAX COLLECTOR**
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA. 92101-2474

| 06 | 004690 | 008012 |
|---|---|---|

| 700-0152000 |
|---|

**STATUS: OPEN**

GREGORY J. SMITH
COUNTY ASSESSOR
ROOM 103,
1600 PACIFIC HWY.,
SAN DIEGO, CA. 92101

ANY QUESTIONS
ABOUT THE                    0
ASSESSED VALUES          08/31/06
OR TO WHOM THIS TAX
BILL SHOULD BE ASSESSED
SHOULD BE ADDRESSED TO:

TELEPHONE NUMBERS:
ASSESSMENTS:
Boats and Aircraft (858) 505-6200
Business ..........(858) 505-6100
Realty ...............(858) 505-6262

EXEMPTIONS:
Homeowner ......(619) 531-5772
Institutional......(619) 531-5763

CREDIT CARD PAYMENTS:
DISCOVER: ......(619) 531-5820
VISA: ...........(619) 685-2646

QUESTIONS ABOUT TAX
PAYMENTS, REFUNDS,
PENALTIES OR
COLLECTION PROCEDURES
SHOULD BE DIRECTED TO
THE TREASURER-TAX COLLECTOR
PHONE: ........(619) 531-5820
FAX: ............(619) 685-2589

http://www.sdtreastax.com

**PROPERTY VALUES AND EXEMPTIONS**

| | |
|---|---|
| Land | |
| Improvements | |
| Total L & I | 8,690 |
| Personal Property | 8,690 |
| Exemptions: | 807,070 |
| Homeowner's | |
| Other | |
| Net Taxable Value | 815,760 |

**Mail STUB with your PAYMENT. Put Tax Bill Number on your CHECK.**
**Your Cancelled Check is your best RECEIPT and Proof of Payment**

| 2 | | |
|---|---|---|
| 0 | 0 | 0 |
| 6 | | |

**NOTICE:** This Tax Bill is Payable on Demand
**UNSECURED PROPERTY TAXES** Send this STUB with your PAYMENT
Make Remittance Payable To: San Diego County Treasurer-Tax Collector

| 06 | 004690 |
|---|---|

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

BK-06-02040
F- 7/31/06

**BALANCE DUE: $    9,532.89**

**BANKRUPTCY**

REHANDLED
✓ DIV ☐ INT

0500095326406004590005000953264060045900070

1. **TAX PAYMENT/FISCAL YEAR** – The liability for taxes attaches annually as of 12:01 AM on the first of January preceding the fiscal year for which the taxes are levied except for escape assessments. (Ca. R&T Code, Sec. 2192) Tax assessments are for the fiscal year of July 1 through June 30. However, no proration will be made due to sale or disposal of taxable property after the applicable lien date (March 1st prior to 1997 and January 1 for each year thereafter). Contact the County Assessor for Calamity Proration Claims. See paragraph 7 (Determination of Assessee) for address.

2. **ENFORCEMENT OF PAYMENT** – Taxes on the Unsecured Roll may be collected by the Recording of Tax Lien, Suit in the County, Summary Judgment, withholding of California Vessel Registration, or Seizure and Sale of any property belonging to or assessed to the Assessee.

3. **MAIL PAYMENTS** – Your taxes may be paid by mail, returning the stub with your payment in the envelope provided. If your tax remittance is sent through the U.S. mail, properly addressed and with the required postage, prepaid, it shall be deemed received on the date shown by the Post Office Department cancellation mark stamped on the envelope containing the remittance. (Sec. 2512 R&T Code). The Treasurer–Tax Collector acts only as the taxpayer's collecting agent and assumes no responsibility for the loss of payment in transit.

## HELP US IMPROVE SERVICE TO YOU
Write the year(s) and bill number(s) on the face of your check.

Complete the enclosed notice, if applicable, and mail to:

### Gregory J. Smith, Assessor

Please use enclosed self-addressed envelope for your remittance.

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**43**

4. **ESCROWS** – The transfer of title of applicable unsecured property is fraudulent and void as against existing creditors, if the notice of the intended sale is not recorded, noticed, and advertised, pursuant to Section 3440 of the Ca. Civil Code and Section 6107 of the Ca. Uniform Commercial Code. The Treasurer–Tax Collector will pursue the collection of all taxes covering property so advertised, and will issue writs of Seizure and Sale against the assessed property if said taxes are not paid by the escrow officer on or prior to the closing date of the escrow.

5. **DISHONORED CHECKS** – If a check or draft was given in payment of a tax bill, the receipt given shall be void and of no effect should said check or draft be not paid on presentation. (Ca. R&T Code, Secs. 6155 and 25303.5).

6. **DISHONORED CHECK FEE** – A fee will be charged for all checks returned for any reason.

7. **DETERMINATION OF ASSESSEE** – Annually, the Assessor shall assess all the taxable property in the county, except state-assessed property, to the persons owning, claiming, possessing or controlling it at 12:01 AM on the first of January each year. (Ca. R&T Code, Sec. 405). The lien date determines the obligation to pay taxes.

8. **DETERMINATION OF ASSESSEE (cont.)** – The disposal of property after the lien date does not relieve the Assessee of their responsibility to pay the tax. The determination of assessee should be directed to the Assessor, Room 103, 1600 Pacific Highway, San Diego, Ca 92101. See reverse side for Assessor telephone numbers.

**VALUATION QUESTIONS** – Questions regarding the value of your property should be directed to the Assessor. Application for adjustment to the value of your property assessed after July 1, as well as all escape assessments, whenever assessed, shall be made no later than 60 days after the date the tax bill is mailed. (Ca. R&T Code Sec. 1603). Appeals should be made to the Clerk of the Assessment Appeals Board located in the County Administration Center, 1600 Pacific Highway, San Diego, Ca 92101. Phone: (619) 531-5777.

9. **ASSESSOR'S RIGHT TO INVESTIGATE** – This tax bill is issued subject to the right of the County Assessor to examine and investigate the tax liens of any person, firm, or corporation to whom this tax bill is issued.

10. **EXEMPTIONS (HOMEOWNER'S, VETERANS, INSTITUTIONAL, CHURCH, WELFARE, RELIGIOUS, and NON-RESIDENT MILITARY)** – Application for exemptions must be filed with the County Assessor within definite dates prescribed by law. Contact the County Assessor's office if in doubt. For Assessor's Office address and phone number see reverse side.

11. **PENALTIES** – A penalty of ten percent applies on August 31 at 5:00 PM on all unpaid bills assessed prior to August 1. A penalty of ten percent attaches to assessments made after July 1 and on or before July 31 by 5:00 PM on the last day of the month succeeding the month in which the assessment was made. An additional penalty of one and one-half percent attaches to all taxes unpaid by 5:00 PM on the last business day of the month, after the ten percent penalty was attached, and each month thereafter until the tax bill is paid.

12. **COLLECTION OF TAX DURING APPEALS** – Collection of the tax will not be held in abeyance during Assessor or Assessment Appeals review. If an appeal on an assessment results in a reduction, the Treasurer–Tax Collector cancels and reduces the tax bill and makes any refund that may be made by this office after the Auditor corrects the tax roll.

13. **CLAIMS FOR REFUND** – The taxpayer's due process remedy in cases of dispute with the Assessor, Assessment Appeals Board or Treasurer–Tax Collector decisions is to pay the tax and file a claim for refund with the Clerk of the Board of Supervisors, 1600 Pacific Highway, San Diego, CA 92101. A letter stating the tax bill numbers, amount of refund claimed and the reason for the claim is sufficient. (Ca. R&T Code Sec. 5097 and 5140).

14. **SUPERIOR COURT** – If a claim for refund is denied, the San Diego Superior Court may have jurisdiction over the relief requested. A complaint must be filed within six months of a denial of a claim for refund.

15. **TAX BILL REQUESTS** – If you have not received a tax bill by the first of the year, it is your responsibility to call (619) 531-5820 and request a duplicate bill. Penalties cannot be cancelled due to a non-receipt of a tax bill.

16. **COLLECTION COSTS** – In addition to any other penalties and costs, the Tax Collector may collect actual costs of collection incurred by the County up to the time the delinquency is paid.

17. **CIVIL ACTION** – In any civil action, the Treasurer–Tax Collector may sue the taxpayer in its own name, including general partners of a partnership assessee, persons who have assumed the liability to pay the assessed taxes by contract or lease, or those persons who are after ego or successor in interest of a corporate assessee.

18. **INFORMAL ASSESSMENT REVIEW** – Should there be a disagreement with a change in assessed value on the tax bill, an informal assessment review may be scheduled by contacting the Assessor. Should no agreement be reached with the Assessor, an assessment appeal may be filed within the time period allowed in paragraph 8 (Valuation Questions).

19. **BRANCH OFFICES:** Treasurer–Tax Collector personnel are operating counters and information counters at the Assessor's Offices in:

Chula Vista at 590 Third Ave.,
Chula Vista, CA. 91910
Phone:(619)498-2293 FAX:(619)498-2271
El Cajon at 200 S. Magnolia Ave.,
El Cajon, CA. 92020
Phone:(619)401-5707 FAX:(619)401-5717
Kearny Mesa at 9225 Clairemont Mesa Blvd.,
1st Floor,
San Diego, CA. 92123
Phone:(858)505-6060 FAX:(858)505-6074
San Marcos at 334 Via Vera Cruz, Ste. 150,
San Marcos, CA. 92078-2638
Phone:(760)940-2904 FAX:(760)940-6890

**DISCOVER CARD PAYMENTS:** are accepted at our cashiering counters or by phone at (619)531-5820 OR (760)944-3701 OR (760)480-6075.

**VISA CARD PAYMENTS:** CANNOT be accepted at our cashiering counters at this time. Please call (619)685-2646.

## http://www.sdtreastax.com

**IMPORTANT DEMAND DATE**
**PAY BY ➝** AT ONCE

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**Description of Property:** 1-PERSONAL PROPERTY/FIXTURES
**Property Location:** 10140 BARNES CANYON RD

Enrollment Authorities:
RUN DATE AUTH    R&T CD DESCRIPTION
06/15/06    463.00 10% PENAL ASSESSM
    ENT/FAILS TO FILE PROPERTY STMT

NOTE: THIS BILL IS A MANUAL REPRINT

TRUS BILL PRINT

DETAIL OF TAX INFORMATION

| | |
|---|---|
| RATE 1.11250 | NET TAX 27,927.48 |
| | TOT DUE 27,927.48 |
| TOTAL DUE | 27,927.48 |
| TOTAL PAID | .00 |
| BALANCE DUE | 27,927.48 |

2006

UNSECURED PROPERTY TAX BILL
COUNTY OF SAN DIEGO, STATE OF CALIFORNIA
**DAN McALLISTER, COUNTY**
**TREASURER-TAX COLLECTOR**
1600 PACIFIC HIGHWAY, ROOM 162
SAN DIEGO, CA, 92101-2474

06    069220    008012

700-0152000

**STATUS: OPEN**

PROPERTY VALUES AND EXEMPTIONS

| | |
|---|---|
| Land | 235,953 |
| Improvements | |
| Total L & I | 235,953 |
| Personal Property | 2,274,383 |
| Exemptions: | |
| Homeowner's | |
| Other | |
| Net Taxable Value | 2,510,336 |

ANY QUESTIONS ABOUT THE ASSESSED VALUES OR TO WHOM THIS TAX BILL SHOULD BE ASSESSED SHOULD BE ADDRESSED TO:    0    08/31/06

GREGORY J. SMITH
COUNTY ASSESSOR
ROOM 103,
1600 PACIFIC HWY,
SAN DIEGO, CA, 92101

TELEPHONE NUMBERS:
ASSESSMENTS:
Boats and Aircraft..(858) 505-6200
Business.................(858) 505-6100
Realty....................(858) 505-6262

EXEMPTIONS:
Homeowner........(619) 531-5772
Institutional........(619) 531-5763

CREDIT CARD PAYMENTS:
DISCOVER....(619) 531-5820
VISA...........(619) 685-2646

QUESTIONS ABOUT TAX PAYMENTS, REFUNDS, PENALTIES OR COLLECTION PROCEDURES SHOULD BE DIRECTED TO THE TREASURER-TAX COLLECTOR
PHONE:........(619) 531-5820
FAX:............(619) 685-2589

http://www.sdtreastax.com

**Mail STUB with your PAYMENT. Put Tax Bill Number on your CHECK.**
**Your Cancelled Check is your best RECEIPT and Proof of Payment**

**NOTICE: This Tax Bill is Payable on Demand**
**UNSECURED PROPERTY TAXES** Send this STUB with your PAYMENT
**Make Remittance Payable To: San Diego County Treasurer-Tax Collector**

2 0 0 6

06    069220

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

**BALANCE DUE: $    27,927.48**

**BANKRUPTCY**

REHANDLED
S/ DIV INT

05002792740606922000500250027927406066922000052

**1. TAX PAYMENT/FISCAL YEAR –** The liability for taxes attaches annually as of 12:01 AM on the first day of January preceding the fiscal year for which the taxes are levied except for escape assessments. (Ca. R&T Code, Sec. 2192) Tax assessments are for the fiscal year of July 1 through June 30. However, no proration will be made due to sale or disposal of taxable property after the applicable lien date (March 1st for year prior to 1997 and January 1 for each year thereafter). Contact the County Assessor for Calamity Proration Claims. See paragraph 7 **(Determination of Assessee)** for address.

**2. ENFORCEMENT OF PAYMENT –** Taxes on the Unsecured Roll may be collected by the Recording of Tax Lien, Suit in the Courts, Summary Judgment, withholding of California Vessel Registration, or Seizure and Sale of any property belonging to or assessed to the Assessee.

**3. MAIL PAYMENTS –** Your taxes may be paid by mail, returning the stub with your payment in the envelope provided. If your tax remittance is sent through the U.S. mail, properly addressed and with the required postage, prepaid, it shall be deemed received by the date shown by the post Office Department cancellation mark stamped on the envelope containing the remittance. (Sec. 2512 R&T Code). The Treasurer–Tax Collector acts only as the taxpayer's collecting agent and assumes no responsibility for the loss of payment in transit.

**4. ESCROWS –** The transfer of title of applicable unsecured property is fraudulent and void as against existing creditors, if the notice of the intended sale is not recorded, noticed, and advertised, pursuant to Section 3440 of the Ca. Civil Code and Section 6107 of the Ca. Uniform Commercial Code. The Treasurer–Tax Collector will pursue the collection of all taxes covering property so advertised, and will issue writs of seizure and Sale against the assessed property if said taxes are not paid by the escrow officer on or prior to the closing date of the escrow.

**5. DISHONORED CHECKS –** If a check or draft was given in payment of a tax bill, the receipt given shall be void and of no effect should said check or draft be not paid on presentation. (Ca. Gov't Code, Secs. 6155 and 25303.5).

**6. DISHONORED CHECK FEE –** A fee will be charged for all checks returned for any reason.

**7. DETERMINATION OF ASSESSEE –** Annually, the Assessor shall assess all the taxable property in the county, except state assessed property. In determining possessory rights, possessing or controlling owning, claiming, possessing or controlling it at 12:01 AM on the first of January each year. (Ca. R&T Code, Sec. 405). The lien date determines the obligation to pay taxes.

## HELP US IMPROVE SERVICE TO YOU
Write the year(s) and bill number(s) on the face of your check.

Complete the enclosed notice, if applicable, and mail to:

**Gregory J. Smith, Assessor**

Please use enclosed self-addressed envelope for your remittance.

LIGHTPOINTE COMMUNICATIONS INC
10140 BARNES CANYON RD
SAN DIEGO CA 92121

45

**8. DETERMINATION OF ASSESSEE (cont.) –** The disposal of property after the lien date does not relieve the Assessee of their responsibility for tax payment, nor does termination of Assessee should be directed to the Assessor, Room 103, 1600 Pacific Highway, San Diego, CA 92101. See reverse side for Assessor telephone numbers.

**VALUATION QUESTIONS –** Questions regarding the value of your property should be directed to the Assessor. Appeals for adjustment to the value of your property assessed on or before July 1 shall be made between July 2 and November 30. (Ca. R&T Code Sec. 1603). Appeals for adjustment to the value of your property assessed after July 1, as well as all escape assessments, whenever assessed, shall be made no later than 60 days after the date the bill was mailed. (Ca. R&T Code Sec. 1603). Appeals should be made to the Clerk of the Assessment Appeals Board located in the County Administration Center, 1600 Pacific Highway, Room 402, San Diego, CA 92101. Phone: (619) 531–5717.

**9. ASSESSOR'S RIGHT TO INVESTIGATE –** This tax bill is issued subject to the right of the County Assessor to re-examine and investigate the taxable status of the person, firm, or corporation to whom this tax bill is issued.

**10. EXEMPTIONS (HOMEOWNER'S, VETERAN'S, CHURCH, INSTITUTIONAL, and NON-RESIDENT MILITARY) –** Application for exemptions must be filed with the County Assessor within definite dates prescribed by law. Contact the County Assessor's office if in doubt. For Assessor's Office address and phone number see reverse side.

**11. PENALTIES –** A penalty of ten percent applies on August 31 at 5:00 PM on all unpaid bills assessed prior to August 1. A penalty of ten percent applies to an unpaid bill on the last day of the month succeeding the month in which the assessment was made. An additional penalty of one and one-half percent attaches to all taxes unpaid ninety days after the last business day twelve months after the first month thereafter until the tax bill is paid.

**DISCOVER CARD PAYMENTS:** are accepted at our cashiering counters or by phone at (619)531–5820 OR (760)480–3701 OR (760)480–6075.

**VISA CARD PAYMENTS: CANNOT be** accepted at our cashiering counters at this time. Please call (619)685–2646.

**12. COLLECTION OF TAX DURING APPEALS –** Collection of the tax will not be held in abeyance during Assessor or Assessment Appeals review. If the tax amount of Assessment Appeals Board cancels or reduces the tax, a refund will be made by this office after the Auditor corrects the tax roll.

**13. CLAIMS FOR REFUND –** The taxpayer's due process remedy in cases of dispute with the Assessor, Assessment Appeals Board or Treasurer–Tax Collector decisions is to pay the tax and file a claim for refund with the Clerk of the Board of Supervisors, 1600 Pacific Highway, San Diego, CA 92101. A letter stating the tax bill numbers, amount of tax claimed and claimed and the reason for the claim is sufficient. (Ca. R&T Code Sec. 5097 and 5140).

**14. SUPERIOR COURT –** If a claim for refund is denied, the San Diego Superior Court may have jurisdiction over the relief requested. A complaint must be filed within six months of a denial of a claim for refund.

**15. TAX BILL REQUESTS –** If you have not received a tax bill by August 1st of any year, it is your responsibility to call (619) 531–5832 and request a duplicate bill. **Penalties cannot be cancelled due to a non-receipt of a tax bill.**

**16. COLLECTION COSTS –** In addition to any other charges, the Treasurer-Tax Collector may collect actual costs of collection incurred by the County up to the time the delinquency is paid.

**17. CIVIL ACTION –** In any civil action, the Treasurer-Tax Collector may sue the taxpayer in the taxpayer's name, including general partners of a partnership, persons who have assumed the liability to pay the assessed taxes by contract or lease, or those persons who are after ego or successor in interest of a corporate assessee.

**18. INFORMAL ASSESSMENT REVIEW –** Should there be a disagreement with a change in assessed value on the tax bill, an informal assessment review may be scheduled by contacting the Assessor. Should no agreement be reached with the Assessor, an assessment appeal may be filed within the time period allowed in paragraph 8 (Valuation Question).

**19. BRANCH OFFICES:** Treasurer–Tax Collector personnel are operating payment and information counters at the Assessor's Offices in:

Chula Vista at 590 Third Ave.,
Chula Vista, CA, 91910
Phone:(619)498–2293 FAX:(619)498–2271
El Cajon at 200 S. Magnolia Ave,
El Cajon, CA, 92020
Phone:(619)401–5707 FAX:(619)401–5717
Kearny Mesa at 9225 Clairemont Mesa Blvd.,
1st Floor,
San Diego, CA, 92123
Phone:(858)505–6090 FAX:(858)505–6074
San Marcos at 334 Via Vera Cruz, Ste. 150,
San Marcos, CA 92069
Phone:(760)940–2904 FAX:(760)940–6890

**http://www.sdtreastax.com**

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California. I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

On November 8, 2007 I served the foregoing document(s) described as:

NOTICE OF OBJECTIONS AND OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF CATHAL OSCOLAI AND LORIAN SANDERS IN SUPPORT THEREOF

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

SEE ATTACHED SERVICE LIST

___X___ (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail. Executed on November 8, 2007, at Los Angeles, California.

_____ (By Facsimile) I caused said document to be sent via facsimile transmission to the party(ies) so designated on attached list. Executed on November __, 2007, at Los Angeles, California.

_____ (By E-mail) I caused such document to be delivered via email to the addressees on the attached list. Executed on November __, 2007, at Los Angeles, California.

_____ (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressees so delineated on the attached list. Executed on November __, 2007, at Los Angeles, California.

_____ (By Federal Express **and** Express Mail) I caused said document to be sent via Federal Express **or** Express Mail for next business morning delivery to the entity so designated on the attached list. Executed on November __, 2007, at Los Angeles, California.

_____ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

___X___ (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

_____

John Berwick

In re LightPointe Communications
File No. 3915

Debtor
LightPointe Communications, Inc.
10140 Barnes Canyon Road
San Diego, CA 92121

Office of the United States Trustee
Attn: Mary Testerman Duvoisin, Esq.
Attorney for United States Trustee
402 West Broadway # 600
San Diego, CA 92101

Counsel to Creditors' Committee
Gerald N. Sims, Esq.
Pyle Sims Duncan & Stevenson
401 "B" Street, Suite 1500
San Diego, CA 92101

Claim No. 29
Department of the Treasury-IRS
Attn: Theresa Nesbitt, Insolvency Advisor
Insolvency Group 1
880 Front Street
San Diego, CA 92101-8869

Claim No. 33
San Diego County Treasurer-Tax Collector
Attn: Jan Albert Fontecha-Bankruptcy Desk
1600 Pacific Highway, Room 162
San Diego, CA 92101

Chief, Special Procedures
Section – Insolvency
Internal Revenue Service
P.O. Box 30213
Laguna Niguel, CA 92607-0213

RSN - Iron Mountain Information, Inc.
c/o Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

RSN
Mr. David Wilson
CFO/COO, OnPR, Inc.
500 108th Avenue NE; Suite 770
Bellevue, WA 98004

RSN
CMP
c/o Metro Group, Attn: Marcus L. Arky
61 Broadway, Suite 1410
New York, NY 10006

## File a Claim action:

06-02040-JH11 LightPointe Communications, Inc.

### U.S. Bankruptcy Court

### Southern District of California

Notice of Electronic Filing

The following transaction was received from Tung, Kim entered on 11/8/2007 at 11:16 AM PST and filed on 11/8/2007
**Case Name:**        LightPointe Communications, Inc.
**Case Number:**        06-02040-JH11
**Document Number:** 192

**Docket Text:**
Objection to Claims *Notice of Objections and Objections to Claims of: (1) Department of the Treasury - Internal Revenue Service, and (2) San Diego County Treasurer-Tax Collector; Memorandum of Points and Authorities; Declarations of Cathal Oscolai and Lorian Sanders in Support Thereof (with Exhibits A, B, 29 and 33 and with proof of service)* filed by Kim Tung on behalf of LightPointe Communications, Inc..(Tung, Kim)

The following document(s) are associated with this transaction:

**Document description:**Main Document
**Original filename:**G:\-CASES\J-L\L\LIGHTPOINTE\Pleadings\Claim Objections\Claim Objs - 29 and 33.pdf
**Electronic document Stamp:**
[STAMP CASBStamp_ID=875559582 [Date=11/8/2007] [FileNumber=4709197-0]
[357d67c5521dab73fff370968a3e6b9a447306499cc02b37da3f5b71e7d463a4c81d6
a1f4a62e7f9550184607737e193e168639b11a622496f3dd9493fcf31d7]]

**06-02040-JH11 Notice will be electronically mailed to:**

Jeffry A. Davis     jadavis@mintz.com, dsjohnson@mintz.com

Shawn A. McMillan     attyshawn@netscape.net, attyshawn@fastmail.fm

Gerald N. Sims     jerrys@psdslaw.com

Kim Tung     kt@lnbrb.com

United States Trustee     ustp.region15@usdoj.gov

**06-02040-JH11 Notice will not be electronically mailed to:**

Alpha Networks Corp
,

Ron Bender

Levene, Neale, Bender, Rankin & Brill
10250 Constellation Blvd,
Suite 1700
Los Angeles, CA 90067

CMP
,

Contrarian Funds, LLC
,

Mary Testerman Duvoisin
Office of the US Trustee
402 West Broadway, Suite 600
San Diego, CA 92101

Halbleiter-Import Und-Vertriebs GMBH
,

IJ Research Inc
c/o Rick Yoon
2919 Tech Center Dr
Santa Ana, CA 92705

Iron Mountain Information Management, Inc.
c/o Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

Stephen O'Neill
Murray & Murray
,

Gregory P. Olson
501 West Broadway, Ste. 1370
San Diego, CA 92101

OnPR Inc
David Wilson CFO/COO
500 108th Ave NE Ste 770
Bellevue, WA 98004

Warren Salender
,

Susan K. Seflin
Levene, Neale, Bender, Rankin & Brill LL
10250 Constellation Boulevard
Suite 1700
Los Angeles, CA 90067

State Board of Equalization

,

U.S. Customs and Border Protection

,

## PROOF OF SERVICE
STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am an employee in the County of Los Angeles, State of California.  I am over the age of 18 and am not a party to the within action; my business address is: 10250 Constellation Boulevard, Suite 1700, Los Angeles, California 90067.

On December 14, 2007 I served the foregoing document(s) described as:

DECLARATION OF KIM TUNG, ESQ. RE: NON-OPPOSITION TO OBJECTIONS TO CLAIMS OF: (1) DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE, AND (2) SAN DIEGO COUNTY TREASURER-TAX COLLECTOR

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States mail at Los Angeles, California, addressed as follows:

### SEE ATTACHED SERVICE LIST

___X___  (By Mail) I caused such envelope with postage thereon, fully prepaid to be placed in the United States mail.  Executed on December 14, 2007, at Los Angeles, California.

_____  (By Facsimile) I caused said document to be sent via facsimile transmission to the party(ies) so designated on attached list.  Executed on December __, 2007, at Los Angeles, California.

_____  (By E-mail) I caused such document to be delivered via email to the addressees on the attached list.  Executed on December __, 2007, at Los Angeles, California.

_____  (By Personal Service) I caused such envelope to be delivered by hand to the offices of the addressees so delineated on the attached list.  Executed on December __, 2007, at Los Angeles, California.

_____  (By Federal Express **and** Express Mail) I caused said document to be sent via Federal Express **or** Express Mail for next business morning delivery to the entity so designated on the attached list.  Executed on December __, 2007, at Los Angeles, California.

___X___  (Federal) I declare that I am an employee in the offices of a member of the State Bar of this Court at whose direction the service was made.

_____
John Berwick

In re LightPointe Communications
File No. 3915

Office of the United States Trustee
Attn:  Mary Testerman Duvoisin, Esq.
Attorney for United States Trustee
402 West Broadway # 600
San Diego, CA 92101

Counsel to Creditors' Committee
Gerald N. Sims, Esq.
Pyle Sims Duncan & Stevenson
401 "B" Street, Suite 1500
San Diego, CA 92101

Debtor
LightPointe Communications, Inc.
10140 Barnes Canyon Road
San Diego, CA 92121

Claim No. 29
Department of the Treasury-IRS
Attn:  Theresa Nesbitt, Insolvency Advisor
Insolvency Group 1
880 Front Street
San Diego, CA 92101-8869

Claim No. 33
San Diego County Treasurer-Tax Collector
Attn:  Jan Albert Fontecha-Bankruptcy Desk
1600 Pacific Highway, Room 162
San Diego, CA 92101

Chief, Special Procedures
Section – Insolvency
Internal Revenue Service
P.O. Box 30213
Laguna Niguel, CA 92607-0213

RSN - Iron Mountain Information, Inc.
c/o Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

RSN
Mr. David Wilson
CFO/COO, OnPR, Inc.
500 108th Avenue NE; Suite 770
Bellevue, WA 98004

RSN
CMP
c/o Metro Group, Attn: Marcus L. Arky
61 Broadway, Suite 1410
New York, NY 10006